EASTERN DIST. *May,* 1837.

RICE *vs.* SCHMIDT.

---

## RICE *vs.* SCHMIDT.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Judgment was obtained against the defendant as purchaser of a house and lot, secured by mortgage for the *first* instalment of the price, leaving the other two unpaid, directing so much of the property to be sold for cash, as would satisfy the judgment, and the balance on such credits as would meet the two last instalments ; but the sheriff sold the whole property on twelve months' credit, and took bond for the entire sum : *Held,* on an application for a monition to assure the sale, that the sale was null and void, and it was set aside on the opposition of the judgment debtor.

This case arose on the application of the plaintiff for a monition, under the act of the 10th March, 1834, to assure

the *sale* to him of a certain house and lot in the city of New-Orleans, made by the sheriff under an execution. The defendant, who was also defendant in the execution, made opposition, and averred the sale to be a nullity, not having been made in conformity to the judgment of the court. The facts of the case are fully stated in the opinion of the Supreme Court, which follows.

The district judge rendered judgment annulling the sale, from which the plaintiff appealed.

*Hoffman,* for the plaintiff, in support of the sale, cited from the Code of Practice, articles 680, 681.

*Worthington* and *Roselius, contra.*

*Carleton, J.,* delivered the opinion of the court.

In September 1833, John Rice and W. M. Lambeth, sold a lot of ground in the Faubourg St. Mary, for fifteen thousand dollars, to be paid in three equal instalments, at one, two and three years from the date of the sale, the vendors being secured by mortgage until final payment.

The purchaser having failed to pay the first instalment of five thousand dollars, the plaintiffs brought suit therefor; the defendant pleaded the general issue. The cause was submitted to the court, who gave judgment in favor of the plaintiffs for the amount of the first instalment, with interest, and decreed that the mortgaged property be sold for that sum in cash, and for the balance, on such credits as might meet the remaining instalments as they became due, on the 1st of September, 1835, and on the 1st of September, 1836, and required the proceeds of sale be brought into court.

Execution issued accordingly, and by the sheriff's return, it appears that the property was offered for sale on the 9th June, 1835, but was not sold, for want of bidders, to two thirds of its appraised value. It was again advertised, and sold on the 29th of the same month, to John Rice, one of the plaintiffs, for the sum of twelve thousand dollars, payable in twelve months, bearing five per cent. interest, per annum,

Judgment was obtained against the defendant as purchaser of a house and lot secured by mortgage, for the *first* instalment of the price, leaving the other two unpaid, directing so much of the property to be sold for cash as would satisfy the judgment, and the balance on such credits as would meet the two last instalments; but the sheriff sold the whole property on twelve months' credit, and took bond for the entire sum: *Held*, on an application for a monition to assure the sale, that the sale was null and void, and it was set aside on the opposition of the judgment debtor.

secured by mortgage on the property sold, until final payment, for which sum two bonds were given, drawn by the purchaser, with J. Lawson as surety.

A monition having issued in February, 1836, at the instance of the purchaser, in order to confirm the sale, under the provisions of an act of the legislature, "for the further assurance of titles to purchasers at judicial sales," approved the 10th March, 1834, Schmidt, the defendant, appeared and filed several grounds of opposition thereto. That upon which the controversy mainly turns, is in the following words :

"That the terms and conditions of the sale did not follow, and were not in conformity to the judgment of the court, the sheriff having sold the whole on a credit of twelve months, instead of selling so much only as would be sufficient to satisfy the judgment, and the balance to meet the instalments as above more fully set forth ;" and concludes with praying that the sale may be set aside.

At the trial, the court sustained the opposition and adjudged the sale to be null and void. From this decree the plaintiffs appealed.

By the contract of sale, the parties made a law unto themselves, founded on their mutual consent, and there exists no causes known to us, for which it can be revoked by any law of Louisiana. *Louisiana Code, articles* 1895 *and* 1940.

The vendee stipulated to pay one instalment on the 1st September, 1835, and another on the 1st September, 1836. By the forced sale he is required to pay the whole in July, 1836.

The nature of the obligation is thereby changed, and the vendee is burdened with conditions to which he never assented. The law has wisely protected the rights of the debtor by providing that " when a seizing creditor has a privilege or special mortgage on the property seized for a debt of which all the instalments are not yet due, he may demand that the property be sold for the whole of the debt, *provided* it be on such terms of credit as are granted to the debtor by the original contract, for the payment of such instalments as are not due." *Code of Practice, article* 686.

The counsel for the plaintiffs has suggested many cases where much embarrassment might arise in enforcing this article of the code.

But it is not the province of this court to act upon contingencies that may possibly occur hereafter, but singly upon the case that is actually before it.

We think the law is plainly for the defendant, and that there is no error in the judgment of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.