Jacob L. Florance *v.* The Orleans Navigation Company.

The right given by art. 686 of the Code of Practice, to a creditor having a privilege or special mortgage on property seized for a debt of which all the instalments are not due, of causing the whole property to be sold on terms of credit corresponding with the periods at which such instalments are payable, results from the principle that every part of the property is mortgaged for the whole of the debt, the holders of the different instalments secured by the same mortgage being entitled to participate in the distribution of the proceeds. But it does not follow that the mortgagor, who is bound for the whole debt, notwithstanding the insufficiency of the property mortgaged, can, in an action by the holder of a note for the instalment already due, claim as a right that the property should be sold on such terms, especially when the proceeding is by an ordinary action.

John M'Donough, the purchaser of the property sold, under an execution against the defendant, is appellant from a judgment of the Commercial Court of New Orleans, *Watts*, J., rescinding the sale. The property sold is the same that was mortgaged to secure the note sued on, with others not due at the institution of the suit.

Bullard, J. The plaintiff having obtained a judgment against the defendant, upon a promissory note, *paraphed* on its face by a notary public, took out a writ of *fieri facias*, under which the sheriff proceeded to sell a lot of ground belonging to the defendants. On the second exposure, the land was sold at twelve months credit.

The defendants then took a rule against the sheriff, to which the

purchaser was afterwards made a party, to show cause why the sale should not be set aside and annulled, in as much as the same was not made in conformity to law, and the land was not advertised to be sold on such terms as the act of mortgage required. This rule was made absolute, and the purchaser appealed.

The appellee relies in support of the judgment rendered in the first instance, upon articles 686 and 707 of the Code of Practice, the first of which provides, that 'when a seizing creditor has a privilege or special mortgage on the property seized, for a debt of which all the instalments are not yet due, *he may demand* that the property be sold for the whole debt, provided it be on such terms of credit as are granted to the debtor by the original contract for the payment of such instalments as are not due.'

In the case of *Pepper* v. *Dunlap*, 16 La. 163, this court affirmed a judgment of the District Court, ordering the mortgaged property at the suit of the holder of one of the notes to be sold upon the terms of credit stipulated in the original contract. The article above recited gives this right to the mortgagee in an hypothecary action, and it results from the principle that every part of the property is mortgaged for the whole of the principal debt, and that in the distribution of the proceeds of the pledge, the holders of the different instalments of the same mortgage are entitled to participate. But it does not appear to us logical to conclude from hence, that the mortgagor, who is bound at all events to pay the whole of the debt, notwithstanding the insufficiency of the property mortgaged, can claim as a right the application of the same principle, especially when, as in the present case, the proceeding is by an ordinary action, and the sheriff in executing the *fieri facias* is bound to sell sufficient property for cash to satisfy the writ.

The case of *Reed et al.* v. *Schmidt*, 11 La. 72, which has been cited by the counsel for the appellee, does not appear to us to support his pretensions. In that case the judgment had directed the manner and terms of the sale, and the sale which was made by the sheriff, was set aside because he had not proceeded according to the judgment. In the present case, we are of opinion that the court erred in rendering the rule absolute.

It is therefore ordered that the judgment of the Commercial

Court be reversed, and that the rule be discharged with costs in both courts.

*Josephs*, for the plaintiff.

*G. Strawbridge*, for the appellant.

*Hennen*, for the defendant.