## ADAMS et al. *v.* LEAR et al.

Where a mortgagee transfers to different persons portions of the mortgage debt, they will be entitled to payment, *pro rata*, out of the property mortgaged; no preference results from any difference in the dates of the transfers.

APPEAL from the District Court of Ascension, *Burk*, J. *Ilsley*, for the plaintiffs, cited *Florance* v. *N. O. Navigation Co.* 1 Rob. 224. *Perkins* v. *Campbell*, 5 Mart. N. S. 149. *Hermann et al.* v. *Pfister*, 2 La. 456. *Pepper* v. *Dunlap*, 16 La. 169. *C. A. Johnson*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The facts of this case are stated by the counsel for the defendants, as follows:

"On the 16th February, 1842, *Thomas Cottman* sold to *Thomas B. Scott*, a plantation and slaves, in the parish of Ascension, for the sum of $43,000. In the act of sale certain mortgages are set forth, which *Scott* assumed in part payment of the price, while for the balance of $12,280, payable in five annual instalments, he furnished his five notes to *Cottman's* order. The mortgages assumed, were, one in favor of the Bank of Louisiana, and another in favor of the Canal Bank; the former is stated in the act of sale to amount to $19,850, and the latter to $10,000. *Scott* having failed to meet his engagements towards these banks, they provoked a sale of the property, which took place on the first saturday of October, 1845. It further appears that after the payment of these claims of the banks, there remained in the hands of the sheriff a balance of the price of adjudication of $6,264 91, which he deposited in court, for distribution among the holders of the mortgages, subsequent to those of the banks. Of the series of notes mentioned, three are admitted to be outstanding, and to belong, the third and fourth to the defendant, *John Lear*, and the fifth to *Minor Kenner*. *Lear* and *Kenner* obtained leave by *ex parte* orders of court, to withdraw the fund deposited by the sheriff, on furnishing bond and security for its forthcoming on a final partition between all the parties in interest. The present plaintiffs claim to share in this fund, upon grounds set up in their petition, as follows: That the amounts stated in the act of sale from *Cottman* to *Scott*

as due by the former to the banks, are incorrectly stated; that the sum really due was less by about $3,000, than what appeared by the act of sale; that this balance no longer due, as was first supposed, to the banks, was consequently payable to *Cottman*, and that *Cottman* assigned to them this balance. The plaintiffs then claim that the fund deposited in the court be divided *pro rata* between themselves and the defendants, who are holders of the three notes above mentioned. It is admitted in the statement of facts that, the notes held by defendants were transferred to them before maturity, and before the assignment made to plaintiffs as set up in their petition. The court below ordered the fund to be distributed *pro rata* between the plaintiffs and defendants, and defendants have taken this appeal."

The ground upon which the appellants claim the reversal of the judgment is "that *Cottman*, to whom the balance afterwards assigned to plaintiffs reverted on its being found that it was not due to the banks, could not himself have come into competition with defendants, holders of the notes previously transferred to them; that he could not assign a greater right than he himself; had and that for this reason the whole fund should be awarded to the defendants in proportion to their claims."

The claim assigned to the plaintiffs was a portion of the price of the plantation, as well as the notes transferred to the defendants; and the mortgage was given to secure the whole price without constituting a priority in favor of the notes. It is not shown that when *Cottman* transferred the notes to the defendants he transferred them with a right of preference; and the fact that the transfer to the plaintiffs of another portion of the price was made subsequently to the transfer of the notes, does not in law postpone the second transferree. Being equally protected in the hands of the mortgagee and transferror, the several portions of the price continues to be equally protected in the hands of the respective transferrees, in the absence of stipulations to the contrary. This doctrine of equality has been frequently recognised. See *Florance* v. *Orleans Navigation Company*, 1 Rob. 224. *Pepper* v. *Dunlap*, 16 La. Rep. 225. Lorsque le créancier privilégié a cédé son droit à différens cessionnaires, porteurs de titres successifs, ils concourent entre eux et ne peuvent se prévaloir de la date de ces titres pour prétendre une préférence les uns sur les autres. Troplong, Priv. et Hypoth. § 366.

*Judgment affirmed.*