SOSTHENES ROMAN et als. *v.* JACOB DENNEY et als.

In actions of revendication of real property, or when proceedings are instituted in order to obtain the seizure and sale of real property, the defendant may be cited either at the place where the property is situated, or where he has his domicil, at the option of the plaintiff.

There is no necessity for alleging or proving demand or protest of mortgage notes.

On an appeal from an order of seizure and sale, the legality of the order only can be examined. Other irregularities must be corrected in the court *a quo.*

When a co-defendant does not join in the appeal, his or her *status* cannot be enquired into.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *F. A. Grima* for plaintiffs. *Whittaker, Fellows* and *Mills* for Denney, defendant and appellant.

HYMAN, C. J. This is an appeal from an order of seizure and sale by one of the defendants, Jacob Denny. The other defendants have not appealed.

Defendant Denny relies on an assignment of errors as follows:

1. There is no proof that Rachal Sank is a single woman.

2. The suit or proceeding could not be instituted, except in the parish of St. James, where the property ordered to be seized and sold is situated.

3. No proof showing that the notes were duly demanded and protested at place where made payable.

4. That no demand of payment or notice of seizure and sale was served on appellant, as required by law.

5. That the whole proceeding was illegal and irregular.

First. The answer to this assignment of error is that Mrs. Sank has not appealed, and does not complain. When she appeals, it will be proper to hear her defence, and not before.

Second. This assignment of error is answered by the fact, that defendant Denny was a resident of New Orleans when the order was granted. See Code of Practice, Art. 163.

Third. The answer to this assignment of error is that it was unnecessary to allege or prove demand. See 13 An. 98; 12 An. 551 and 671.

Fourth. On an appeal from an order of seizure and sale, the legality of the order alone can be examined. If there should be any irregularity in giving notice, or in making demand, it may afford cause for injunction, or other relief, in the court below; but cannot be examined on appeal. See 6 Rob. Rep. p. 60.

The fifth assignment of error is too vague and indefinite for the court to take it into consideration.

It is ordered, adjudged and decreed, that the order of seizure and sale' be affirmed, and that the sheriff seize and sell the property described in¹ the order, except the negroes therein mentioned. See Constitution 1864,¸ title 1, Art. 1.

It is further decreed that appellant pay the costs of appeal.