Ilsley, J.
This is an appeal by the City of New Orleans, from a judgment on a rule, directing the sheriff of the parish of Orleans to pay over to the relator and appellee, all sums actually and hereafter realized by him, in execution of certain unsatisfied judgments.
The relator, who is an attorney-at-law, grounds his pretensions upon, a certain contract, evidenced by a city ordinance, of which the following is an extract, viz:
“Resolved, that the collection of all said bills and judgments (explained in the ordinance,) shall remain exclusively entrusted to E. Bermudez, individually, who, by agreement, shall be entitled in full compensation of all his services to half the excedent of the face of the claim. Provided, that where he does not collect, he shall not have any claim against tho city for remuneration. ”
In bar to the rule taken by the relator, the city, without denying tho relator’s services, pleads that the relator having ceased to be assistant city attorney, and a successor having been appointed to him, the right to collect such judgments appertains to the latter only.
The city also pleads the illegality and repeal of the ordinance.
In answer to the first objection, it suffices to remark that the relator does not assume in this proceeding to act as assistant city attorney, and by law, that officer is forbidden to receive city money. Act 1859, page 140, sec. 7. The second ground does not appear to us more tenable.
There is nothing in the ordinance in question in conflict with the city charter, and this seems to have been conceded by the city, who acquiesced in the judgment, ordering the publication of the said ordinance, in which proceeding that construction was put by the Judge of the court below, upon the validity of the ordinance, as tested by the charter.
There is no conflict between the contract and the sections 107 and 127, of the city charter. The former refers to tax-bills, annually remaining in the treasurer’s hands after publication of the names of the delinquents, in alphabetical order, and to be put in suit; the latter concerns officers receiving a salary or compensation from the city.
The contract under consideration embraces claims not included in section 107; the assistant attorney is not remunerated by the city, and is not required by law to perform the labor which forms the subject-matter of the agreement in the case. 18 An. 666; 19 A. 274.
It was certainly legally competent for the city, with a view to accelerate the payment of debts due to her, to employ, as she did, in this case, an attorney-at-law conversant with city affairs, and in doing so, she did but promote the public interest, without infringing the rights of any of her officials, particularly of the assistant city attorney, whom the law allows no commission on judgments not obtained by him. See Bright v. Hewes, 18 An. 666.
The “ agreement” relied on by the relator, evidenced by ordinance 708, was not revoked by the ordinance produced on the trial by the city.
The former refers to a class of taxes due by delinquents not cited, and to certain unsatisfied judgments; the latter alludes to taxes due by delinquents already cited by advertisements, but not actually in suit, and therefore has no reference to judgments of any description. Besides, the ordinance last mentioned directs the enforcement of the collection *174 of the city clues specified, wherever the law will permit.
It seems clear that this restriction was placed to prevent any conflict between the resolution and the relator’s contract. But what right could the city have to revoke her contract, impair her obligations and divest the relator of his vested rights? She made her own law and must abide by it. Civil Code 1757, 1895 and 1940. Rice v. Schmidt, 11 La. 72.
As we said in Kaiser v. New Orleans, this Court can only “view the city as any other contracting party,” and it will not sanction the revocation of contracts made by her, because she may find them onerous or incongruous, which she does not pretend that this contract is.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.