No. 2737.—P. O. FAZENDE *v.* WILLIAM W. FLOOD—MRS. THOMAS J. FRIEND, Appellant.

24  425
50 1290
50 1292

In case of an appeal from an order of seizure and sale, the only question that can be examined by the appellate court is the sufficiency of the evidence before the judge *a quo* to authorize the issuing of the writ.

Costs incurred in protesting a mortgage note should be taxed as such by the judge who issues the order of seizure and sale on the note, and authentic evidence thereof is not essential.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee,* J. *E. Bermudez,* for plaintiff and appellee; *J. Q. A. Fellows* and *R. L. Preston,* for defendant and appellant.

WYLY, J. This is an appeal by the third possessor of mortgaged property from an order of seizure and sale.

The only inquiry is, had the judge who issued the order sufficient evidence before him to authorize the fiat? 18 An. 626; 21 An. 32, 52; 21 An. 626.

It appears that the plaintiff presented a certified copy of the act of mortgage, importing a confession of judgment, and also the note.

The evidence was sufficient to justify the order.

The cost of protest was an expense incident to the collection of the claim, and it may be recovered as part of the costs in the executory proceeding.

The appellant purchased the property incumbered with the mortgage which contained the non-alienation clause. She certainly occu-

pies no better position than the mortgagee.    The other objections are of no force.

The appellee prays damages for frivolous appeal, and they should be allowed him.

Let the judgment be affirmed with costs, and let the plaintiff recover from the appellant ten per cent. damages on the amount of the decree appealed from.

---

### On Motion to Dismiss.

Taliaferro, J.   Fazende, the vendor of real estate to Flood, retained a mortgage by authentic act, with the pact *de non alienando*, to secure the payment of the price.   To enforce the payment of the first note, due January 1, 1870, he proceeded, *via executiva*, to foreclose his mortgage upon the property then in possession of Friend, to whose wife Flood had sold it.   From the order of seizure and sale obtained by the plaintiff, Mrs. Friend, aided by her husband, prayed for and obtained a suspensive appeal, alleging in her petition that she has an interest in the proceedings, and that her rights are affected injuriously by the order; that there is error therein to her prejudice; that the order is not authorized by the record nor warranted by law.

In this court the plaintiff moves to dismiss the appeal, on three several grounds:

*First*—The appellant has no interest in the subject matter in dispute.

*Second*—That the defendant, who has an interest in the proceedings, has not been cited.

*Third*—No assignment of errors has been filed, the proceedings being regular and valid on their face.

\*          \*          \*          \*          \*          \*          \*

The mere averment of interest by a third person who appeals from a judgment rendered between other parties, has been held to be insufficient to authorize an appeal.  7 N. S. 345.  In that case Porter, Judge, said:  "This court has already decided that when persons not parties to a judgment appealed from it, they must allege and prove in the court of the first instance their right to do so — that is, that they were aggrieved by it."   In the case before us there is nothing whatever, even alleging specifically, in what that interest consists.   We think, on this ground, the motion to dismiss should prevail.  6 An. 529; 13 An. 199.

It is therefore ordered that this appeal be dismissed at the intervenor's costs.