## No. 7732.

### JULES LAMORERE VS. SUCCESSION OF W. R. COX.

The mortgage creditor has the right to proceed *via executiva*, in the court of ordinary civil jurisdiction, notwithstanding the death of the mortgagor.

Where property has been seized and is about to be sold under judicial process, and the sale is arrested by injunction, the seizure is not released; and the property still remains in legal custody, pending the injunction.

In proceedings *in rem*, where the *res* has been seized and is held under the process of one court, no other court can interfere with, or take or dispose of it.

The proceeding *via executiva* is *in rem*: and where the sale under the order granted by the district court has been arrested in injunction, an order of sale, granted by the probate court having jurisdiction of the succession of the deceased mortgagor, pending the injunction, is illegal, and is a nullity.

In executory proceedings, the sale can be arrested by injunction, without bond and security, only in the cases specified in the Code of Practice, articles 739, 740.

A succession should not be condemned in damages for an abuse by the administrator of the process of injunction ; and the administrator, personally liable for his wrongful act, can not be condemned personally in a proceeding in which he is a party only in his representative capacity.

APPEAL from the Tenth Judicial District Court, parish of Caddo *Boarman, J.*

Wise & Herndon for plaintiff and appellee :

First—A mortgage creditor of a succession has a right to proceed by seizure and sale in a court of ordinary jurisdiction against the mortgaged property, and the probate court has no jurisdiction over succession property thus proceeded against. 30 An. 323 ; 26 An. 600 ; 28 An. 622.

Second—Where an injunction is issued by the parish judge in the absence or recusation of the district judge, the failure to show such absence or recusation by affidavit is fatal to the injunction. C. P. 128.

Third—Again, the injunction should be dissolved because the administrator failed to give bond and security upon obtaining the writ. The order of the Court dispensed him from giving bond under authority of articles 739–40 C. P.; 30 An. 112.

Hicks & Hicks contra :

First—If the demands in the two suits are contrary to, or preclude each other, the objection was waived by the motion to dissolve upon the merits.    The objection was to the form, and could only have been raised by an exception *in limine litis* to compel the plaintiff to make choice as to which of the demands he would proceed with.  C. P. 149, 152 ; 10 M. 601 ; 8 An. 50 ; 3 An. 365 and 455 ; 22 An. 136 ; 27 An. 99 ; 7 R. 437;  6 R. 521.

Second—Neither mortgage nor ordinary creditors can proceed against a succession until after the expiration of thirty days from the opening of the succession, and if any creditor proceed before that delay expires the administrator may enjoin without bond.  C. P. 739–40 ; C. C. 1164, 1179, 1189, 1049 ; C. P. 1053–4 ; 30 An. 856 ; C. C. 2051–2–3–48 ; C. P. 159, 742 ; 31 An. 120 ; C. P. 989.

Third—The action *via executiva* is not a real action, and courts of probate may issue it.    31 An. 57, 60, 61, 141.

Fourth—A seizure and sale cannot issue as to mortgaged property after it has been sold for taxes, until the tax-sale has been set aside by a revocatory action.    26 An. 697 ; 29 An. 115, 169 ; 23 An. 661 ; 31 An. 331 ; C. C. 2567, 2573 ; 28 An. 353 ; 30 An. 959, 1235 ; 19 L. 521 ; 15 An. 637 ; 25 An. 154.

Fifth—A right, title, and claim in an immovable is not subject to mortgage, and hence cannot be sold under executory process.  C. C. 3289, 462, 464, 471 ; 12 An. 464–6 ; 20 An. 109.

Sixth—A court cannot enforce the sale of the property of an insolvent without appraisement, against the wishes and interests of prior privilege and mortgage creditors, although the debtor waived appraisement.  C. C. 11 ; 15 An. 246 ; 12 An. 271 ; 1 An. 340 ; 18 An. 76, 77.

Seventh—The right of the administrator to administer the property of the succession can only be divested by an actual lawful seizure under the process of a court of ordinary jurisdiction.  15 An. 637 ; 31 An. 115 ; Rorer on Judicial Sales, sec. 1016 ; Johnson's Rep. 274 ; 16 Mich. 399, 403.

Eighth—An injunction, though improvidently issued, will not be dissolved if the facts alleged show that the plaintiff is entitled to the writ.  4 N. S. 500 ; 2 An. 491 ; 23 An. 170 ; 28 An. 170 ; 26 An. 668.

Ninth—The law requiring that proof of the absence of the district judge be made by affidavit is merely directory.  R. S. 3195 ; C. P. 128 ; 23 An. 704 ; 30 An. 372.

Tenth—Damages cannot be given against an administrator individually for a wrongful injunction, when it appears that he acted in good faith.    30 An. 373, 1166 ; 31 An. 116.

The opinion of the court was delivered by

Marr, J. Lamorere, holder of a note executed by W. R. Cox, secured by mortgage, proceeded, after the death of Cox, *via executiva;* and the property was advertised for sale on the 18th July.

Jewell, administrator of the succession of Cox, filed an opposition on the 6th July, alleging the priority of certain privileged claims; and he obtained an order requiring the sheriff to retain a sufficient sum, out of the proceeds of the sale, to pay these claims. He prayed the court to rank the privileges, and to order them to be paid by preference out of the proceeds, according to law.

The sale did not take place on the 18th July; and the property was advertised again for sale on the 17th August. On that day the administrator filed another opposition, in which he alleged that the proceeding by Lamorere was premature: that he had qualified as administrator on the 30th April, and the order of seizure and sale was granted on the 2d May; and that the law forbids the administrator to sell the immovables of a succession, until after the expiration of certain delays.

That the sale, by executory process, without the benefit of appraisement, would be prejudicial to the creditors of the succession; and that the succession was insolvent: that the plaintiff had forfeited his right to proceed further, *via executiva,* because he had voluntarily countermanded the sale, advertised for the 18th July, without the consent of interested parties.

He also alleged that, after the execution of the mortgage, the whole of the mortgaged property had been sold for taxes, so that there was nothing left to Cox, during his life, or to his succession, after his death, except the right to redeem, which could not be seized and sold in the executory proceedings.

On this opposition, on the 17th August, the day fixed for the sale, an injunction was granted, without security, by the parish judge, the district judge being absent. Subsequently, in November, the administrator filed an amended opposition, in which he alleged that, since the injunction was granted and served, he had obtained from the parish judge, in the succession of Cox, an order under which he had sold all the immovables of the succession, part for cash, the remainder on twelve-months' credit; that he had the cash proceeds in hand, ready for distribution; that the privileged and mortgaged creditors, superior in rank to Lamorere, would consume the entire price of the immovables, and leave nothing for him; that his right, if any he had, to procure the sale of the property, was merely "a technical right, without any corresponding benefit to him or other creditors; and he has received no injury from the proceeding in opposition and injunction, or in the sale by order of the parish court." He prayed that his opposition be main-

tained, that the order of seizure and sale be revoked, and his injunction be perpetuated.

Plaintiff moved to dissolve the injunction, with damages, on the grounds: 1st: that the allegations of the petition, if true, were not sufficient. 2d : that the affidavit was insufficient. 3d : that there was no affidavit of the absence of the district judge. 4th : that no bond was given.

He also filed an answer, beginning with the exception that the opposition showed no cause of action ; and he alleged that the order of seizure and sale was regular, and the injunction wrongfully obtained ; that no tax-sale, as alleged by opponent, had ever been made ; that the property pretended to have been sold at probate sale was worth greatly more than was offered ; and that it would have brought a greater price if it had been sold under the executory proceedings in this suit.

The administrator is appellant from the judgment dissolving his injunction, with $100 as damages. In answer to the appeal the plaintiff prays that the judgment be so amended as to condemn the administrator, individually, to pay damages, instead of the insolvent succession of Cox.

We must say the proceedings in this case are extraordinary. It is too late now to question the right of the mortgage creditor, in case of the death of the mortgagor, to proceed *via executiva*. The jurisprudence of nearly half a century has made this almost elementary in our law ; and we know of no decision, nor of any law, which requires the creditor to wait for the expiration of any delay, after the maturity of his debt, before proceeding to enforce his right, whether the succession be solvent or insolvent.

It is also elementary, that the proceeding *via executiva* is *in rem ;* and that it falls within the cognizance of the courts of ordinary civil jurisdiction.

It has long been settled, by decisions of the Supreme Court of the United States, and of this State, that where, under proceedings *in rem*, the *res* has been seized, and is held under the process of one court, no other court can interfere, or take the thing, or dispose of it. The jurisdiction of the district court, which granted the order of seizure and sale, was complete ; and the order of sale subsequently granted by the probate court was illegal, and a nullity.

The allegation that the property mortgaged had been sold for taxes, instead of showing any right in the administrator to arrest the sale by injunction, simply showed that the succession was without interest to interfere.

Where a sale is about to take place under judicial process, and it is arrested by injunction, the property is not released. It still remains

under seizure ; and, in the event of the dissolution of the injunction the officer would proceed with the sale. We know of no authority by which a plaintiff in injunction can avail himself of the stopping of a sale to procure an order of another court, and have the property sold under it, *pendente lite*. We are at a loss to imagine how the administrator could have supposed that he had any such right. By his opposition of 6th July he had secured the protection of the rights of the succession, and the preference to which it was legally entitled, in the distribution of the proceeds of the sale ; and it was his business to have waited until the judgment of the court having jurisdiction of the property seized under its process had fixed the rights of the seizing creditor and of the succession, with respect to the proceeds. We think that the administrator could not, without first having withdrawn this opposition, by leave of the court, lawfully have demanded the arrest of the sale by injunction.

In executory proceedings, the Code of Practice, article 739, authorizes the mortgagor to obtain an injunction, for certain specified causes, without security. Not one of these causes is set up in the oppositions of the administrator in this case ; and we know of no law which authorized the injunction without security.

It is not necessary to decide now whether the parish judge had the power to grant an injunction without affidavit of the absence of the district judge, as required by the Code of Practice, article 128. We observe, however, that the district judge testified that he was absent from the State at the time this injunction was granted ; and this was probably well known at Shreveport. The attempt of the administrator to wrest the property from the custody and control of the district court was in violation of the law and of the rights of the mortgage creditor. There was no legal ground for the injunction ; and for that reason, and the want of bond and security required by law in all cases of injunction, except for the causes specified in the C. P. art. 739, the injunction was properly dissolved, without reference to the other grounds set up in plaintiff's motion.

A succession should not be condemned in damages for the wrongful act of the administrator ; nor should the administrator be held personally responsible for costs and damages, where he has acted in good faith, and with the view to protect the rights of the succession. But in this case the conduct of the administrator was so utterly without legal right or foundation that we cannot consider him as acting merely in the interest of the succession, and for the protection of its rights ; and we think this a proper case for holding him personally liable, in his individual capacity, for damages caused by his abuse of the process of injunction.

Lamorere vs. Succession of Cox.

But here a difficulty occurs. In no part of the proceedings has the administrator appeared otherwise than in his representative capacity ; and no notice or warning was given him, by plea or motion, in the district court, that he would be looked to personally for the damages, nor was any such question passed upon by that court. We cannot, therefore, in this proceeding, condemn him personally ; and we think the judgment against him as administrator is erroneous for the reason that we do not consider the succession liable for his wrongful act. If it were in our power we would relieve the succession of liability for any part of the costs incurred in the proceeding in injunction.

It is therefore ordered, adjudged, and decreed that so much of the judgment appealed from as condemns A. W. Jewell, in his capacity as administrator of the succession of W. R. Cox, to pay one hundred dollars damages for the wrongful suing out of the injunction in this case, be annulled, avoided, and reversed ; that the said judgment be in all other respects affirmed ; that the right of Jules Lamorere, appellee, to demand, by suit, of the said A. W. Jewell, personally, in his individual capacity, all such damages as he may have sustained and be entitled to recover by reason of the injunction, be and the same is hereby specially reserved ; that the right of the heirs and creditors of the succession of W. R. Cox to oppose and controvert any claim that may be made by said Jewell, as administrator or otherwise, for the costs, fees, and expenses incurred in said proceedings in injunction be and the same is hereby specially reserved ; and that plaintiff appellee, Jules Lamorere, pay the costs of this appeal.