12,741.

GERMANIA SAVINGS BANK OF NEW ORLEANS VS. DAVID LEMLEY.

On appeal from an order of seizure and sale the legality of the order alone can be inquired into. If the notice, or three days demand of payment, be defective, either in substance or in the manner of its service, it may afford ground for injunction, or other relief in the court below, but can not be the subject of appeal.

Where an act of mortgage authorizes the mortgagee to take out insurance in case the mortgagor fails to do so, and stipulates that the premiums paid up to a certain sum shall be considered covered by the mortgage, such premiums, within the limit, may properly be included in the order for executory process as an incidental expense, upon production of the receipt, or an affidavit showing payment thereof by the mortgagee.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*Buck, Walshe & Buck* for Plaintiff, Appellee.

---

*Carroll & Carroll* for Defendant, Appellant.

Argued and submitted April 22, 1898.
Opinion handed down May 16, 1898.
Rehearing refused June 30, 1898.

The opinion of the court was delivered by

BLANCHARD, J. From an order of seizure and sale defendant prosecutes this devolutive appeal and files an assignment of errors, but inasmuch as only two of the errors complained of are argued in the brief, we assume the others are abandoned.

It is urged that the order *and writ* are void: (1) because there is a fatal defect in the demand; (2) because executory process issued on the claim for insurance premiums, as well as for the amount of the note, interest and costs, whereas there was no authentic evidence establishing the claim for such premiums.

The first may be disposed of briefly. On an appeal from an order of seizure and sale the legality of the order alone can be inquired into. If the notice, or three days demand of payment, required to be served upon the debtor, be defective or irregular, or insufficient, either in substance or in the manner of its service, it may afford ground for injunction, or other relief in the court below, but can not be the subject of an appeal. Romain vs. Denny, 17 La. Ann. 127; Dodd vs. Crain, 6 R. (La.) 60; Fazende vs. Flood, 24 La. Ann. 425.

As to the second, that no authentic evidence was produced that the debtor owed for insurance premiums, these facts appear from the record: A note for seven thousand dollars was executed, a mortgage securing this note was passed in authentic form, this mortgage imports confession of judgment, contains the pact *de non alienando*, authorizes by its terms executory process, stipulates that the buildings on the lots mortgaged are to be kept insured by the mortgagor for an amount equal to the debt, and that if the mortgagor neglects or refuses to do this, the mortgagee is authorized to do so at the expense of the former.

It is stated that the mortgagee may, upon the default of the mortgagor, effect this insurance at a rate of premium not to exceed two per cent. "at the cost, charge and expense of said mortgagor," and following this is the declaration in the mortgage of confession of judgment for the full amount of the note with interest and "all costs, charges and expenses whatsoever."

Clearly, the insurance premiums were intended to be classed as "charges and expenses" incidental to the main indebtedness, and judgment therefor, up to two per cent. on seven thousand dollars, was confessed by the debtor in favor of the creditor, who was authorized to effect the insurance and pay the premiums.

The mortgage, in express terms, declares that it is intended to cover and does cover the reimbursement and payment of all expenses, such as attorney's fees, protest fees, costs, charges and insurance premiums.

The debtor failed to insure the buildings and the creditor did so, paying a premium of one hundred and six dollars and fifty-five cents, less than the two per cent. authorized in the act of mortgage.

When the debtor defaulted in the payment of the note at maturity, executory process was sued out and along with the petition was presented the note, a certified copy of the mortgage and the affidavit of the creditor of the fact of payment of one hundred and six dollars and fifty-five cents as insurance premium. The order issued, covering by its terms the note, interest, premium, attorney's fees and costs.

The act of mortgage furnished authentic evidence justifying the inclusion of all these items of indebtedness in the order and writ.

It supplied authentic evidence of *the right* (C. P. 732) to collect insurance premiums to the extent named in the act, upon production of receipts, or an affidavit, showing payment thereof by the creditor.

The fallacy of the contrary argument lies in considering the unauthentic receipts, or affidavit of payment, the basis of the right to regard such payment as part and parcel of the mortgage, whereas the real basis is the stipulation to that effect in the mortgage itself, on a matter to be regarded as an expense or charge incidental to the main demand, or the principal indebtedness represented by the note.

The case of Cumming vs. Archinard, 1 La. Ann. 279, cited by appellant, differs from the case at bar. There the plaintiff took an order of seizure and sale for *more* than was due in this, the decree allowed interest for a longer time than was stipulated in the note and mortgage. It was for a few days only, it is true, and the difference amounted to but three dollars and fifty-six cents. But because it was for more than was actually due the court set aside the order on appeal and immediately granted in lieu thereof another for the correct amount.

Here it is not pretended that the decree issued for more than was due. There is no contention that the insurance premiums are not due and had not been paid by the mortgagee.

In Fazende vs. Flood, 24 La. Ann. 425, the court held that cost of protest was an expense incident to the collection of the note and could be recovered as part of the costs in the executory proceedings, though no authentic evidence was produced of either the cost of the protest, or of its payment. None was thought necessary, and the decree, which included such cost, was sustained.

In Pele vs. Meaux, 17 La. Ann. 60, cited by appellant, it was said that the stipulation in the mortgage relative to insurance premiums was a mere incident to the contract. In that case no *amount* was mentioned in the act of mortgage as covering or intended to cover such premiums, and nothing appeared as to the cost of the protest of the note. The court, saying "there is no evidence authentic, or of any kind, respecting these claims," and "we find nothing in the record to establish the amount of these two items," amended the decree so as to exclude the same. The instant case differs, for here the mortgage does fix an amount for the insurance premiums, which may be paid by the mortgagee on the default of the mortgagor, and there does appear in the record the affidavit of the mortgagee of payment of premiums for a sum *within* that stipulated for such purpose in the mortgage.

This brings the case precisely within the rule laid down in Grunewald vs. Manufacturing Co., 49 La. Ann. 489, where it was held that "insurance premiums may also be included in the order (of seizure and sale) when the amount is not in excess of that allowed in the act."

This debtor comes with bad grace before the court complaining that the decree includes an insurance premium, when he undertook in the mortgage act to keep the property insured for the benefit of the mortgagee and agreed that if he did not do so the mortgagee may, and that the premiums paid by the latter should be covered by the mortgage. He failed to insure; the creditor was compelled to do so, and obtained insurance at a percentage less than that authorized in the mortgage.

The appellee asks damages for frivolous appeal, but as the question herein discussed may not, perhaps, fairly be considered as heretofore

settled by decisions of the court, we deem it proper not to allow such damages.

Judgment affirmed.

His Honor, the CHIEF JUSTICE, and MR. JUSTICE BREAUX concur in the decree as regards the amount of the mortgage and interest, but with reference to the premiums of insurance, they dissent from the majority of the court for reasons assigned in their separate opinions this day handed down.

---

## SEPARATE OPINION.

NICHOLLS, C. J. Though the premiums of insurance if paid by the creditor might be secured by mortgage, when the fact of such payment and the amount thereof would be established, yet being matters in *pais*, under the terms of this mortgage, they should not have been included in the order of seizure, though payable out of the proceeds of a sale to be made under the executory proceedings. The fact that they were included in the order did not invalidate the whole order of seizure. It might have been enjoined to that extent. No suspensive appeal having been taken from the order, and the sale having taken place without opposition, the question as presented has now no special significance.

BREAUX, J. I concur in the decree to the amount of the mortgage and interest.

With reference to the amount of insurance, I do not think it is covered by the mortgage so as to authorize the writ of seizure and sale; although it is due and should be paid from remaining proceeds of the sale.