(83 South. 556)

No.. 23570.

## REUGGER v. DE BRUEYS.

### In re DE BRUEYS.

(Dec. 1, 1919. Rehearing Denied Jan. 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. MORTGAGES &#9758;422 — EXECUTORY PROCEEDINGS AUTHORIZED IN PARISH OF MORTGAGOR'S DOMICILE.

 Code Prac. arts. 163, 736, authorize the institution of executory proceedings in either the parish where mortgaged property is situated or that of the debtor's domicile, as the plaintiff chooses.

2. COURTS &#9758;475(10) — EXECUTORY PROCESS, HAVING ISSUED IN ONE PARISH, CANNOT ISSUE IN ANOTHER.

 Since a mortgage is indivisible, under Rev. Code, art. 3282, and the property can only be sold for the satisfaction of the entire debt, where executory process issued in the parish where the mortgaged property was situated, and an injunction was obtained against the foreclosure in such parish, another person, holding another note secured by the same mortgage, could not properly institute executory proceedings in another parish where the mortgagor was domiciled, under Code Prac. arts. 163, 736, as all the claims on the property must be litigated in the forum which first acquired jurisdiction.

⸝ Certiorari to Court of Appeals, Parish of Orleans.

 Suit by William E. De Brueys to restrain foreclosure proceedings instituted by George E. Reugger. There was a judgment in favor of heirs of defendant, who were substituted on his death, which was affirmed by the Court of Appeal, and the plaintiff brings certiorari. Reversed and rendered.

 H. E. Ellis, of Covington, G. B. Smart, George Montgomery, and M. R. Newhauser, all of New Orleans, for applicant.

 John Wagner, of New Orleans, for respondent Geo. E. Reugger.

 DAWKINS, J. William E. De Brueys sued out a writ of injunction in the civil district court for the parish of Orleans to restrain foreclosure proceedings instituted in said court by George E. Reugger upon a note for the sum of $400, signed by the ·plaintiff in injunction, and secured by mortgage upon certain real property situated in the parish of St. Tammany. The grounds for injunction were: That said Reugger was not the bona fide owner or holder of said note, but a party interposed for W. B. Lancaster, from whom petitioner had purchased said mortgaged property; but if, in the alternative, it should be shown that the said Reugger was the real owner or holder of said note, the same had been acquired long after maturity, and was subject to all equities between plaintiff (De Brueys) and said Lancaster; that Lancaster had testified subsequently to the maturity of said note, in another proceeding in the district court for the parish of St. Tammany, that he, said Lancaster, was the owner of all the series of ten notes (among which was the note involved herein), which testimony was made a part of De Brueys' petition in this suit; that Lancaster had delivered said note to the said Reugger for the sole purpose of harassing plaintiff in injunction; and that all of said notes had been, by judgment of the district court for the parish of St. Tammany, adjudged paid and satisfied.

 De Brueys further alleged that the civil district court for the parish of Orleans was without jurisdiction ratione materiæ to issue the order for executory process on property situated in St. Tammany parish, and that the said court for St. Tammany parish, having first acquired jurisdiction of the property, had the right to retain the same and distribute the proceeds.

 Lancaster and the sheriff of St. Tammany were made parties defendant, and plaintiff prayed that the injunction be perpetuated, and for judgment decreeing the note sued upon to have been paid by virtue of the judgment rendered in the parish of St. Tam-

many, and ordering the delivery thereof to petitioner.

George Reugger having died after filing the foreclosure proceedings, his heirs were made parties defendant, and they filed answer denying that he was a party interposed, but averring that he had acquired said notes before maturity, in good faith and for a valuable consideration; also denied that the civil district court for Orleans parish was without jurisdiction. They prayed that the injunction be dissolved, and that their right to sue for damages be reserved.

The answer of Lancaster was to the same effect, and further denied that he had any interest in the matter. His prayer was similar to that of the other defendants.

There was judgment in favor of defendants in injunction in the district court, which was affirmed by the Court of Appeal, and the matter is now before us on writs of certiorari and review.

## Opinion.

[1] The first question to be disposed of herein is that of the jurisdiction ratione materiæ of the district court. If the judge of the debtor's domicile has no power to issue executory process against property in another jurisdiction, this would end the matter.

The Code of Practice contains two articles upon the question as to the bringing of proceedings upon an act of mortgage importing a confession of judgment; to wit, 163 and 736. Article 163 reads as follows:

"In actions of revindication of real property, or when proceedings are instituted in order to obtain the seizure and the sale of real property, in virtue of an act of hypothecation importing confession of judgment, and in actions brought to enforce a legal or judicial mortgage against a third possessor, and in actions against a third possessor to enforce a special mortgage, and in all cases of provisional seizure or sequestration, the defendant may be cited, whether in the first instance or in appeal, either within the jurisdiction where the property is revindicated, hy-pothecated or provisionally seized or sequestered is situated or found, though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses; provided that all judgments rendered in such cases shall only be operative up to the value of the property proceeded against, and not binding, for any excess over the value of the property in personam against the defendant."

Article 736 is as follows:

"The judge within whose jurisdiction is situated the property subject to the privilege or mortgage, has the power to issue this order of seizure and sale, although the debtor resides out of his jurisdiction; and, in this case, the clerk of the court issuing the order shall direct to the sheriff of the parish where the debtor resides a written notice to be given to him, and it shall be the duty of the said sheriff to serve the notice, and return the original with his report in the same manner as in ordinary citations."

The first article thus quoted is found among those provisions of the Code of Practice which provide the exceptions to the general rule that a debtor must be sued at his domicile, and, it would seem, clearly authorizes the institution of executory proceedings in either the jurisdiction where the property is situated, or that of the debtor's domicile, as the plaintiff chooses. The second, or article 736, which is found in the chapter dealing with executory process and the manner of its enforcement declares that the court within whose jurisdiction the property is situated has the power to issue the writ. So that we find no conflict as between these articles, but rather an intention of the lawmaker to give the two courts concurrent jurisdiction in the initiation of such proceedings. However, it is argued by plaintiff in injunction, defendant in execution, that although one holding an obligation secured by an act importing a confession of judgment may proceed in the court of the debtor's domicile, when the property is situated elsewhere, this can only be done via ordinaria, or by petition and citation.

True, there are some expressions in the cases cited which seem to support that contention, but in none of them do we find that the issue was squarely presented as it is here; that is, where the creditor had presented a petition for executory process, with the proper authentic evidence, at the domicile of the debtor, when the property was situated elsewhere, and asked for an order of seizure and sale. We know of no good reason why this should not be done, not only because of the provisions of article 163, C. P., but because of the general principle of law that persons must be sued at their domicile. On the other hand, the case which has passed squarely upon the point has sustained the contention of defendant. Succession of Roman et al. v. Denney, 17 La. Ann. 126.

Unquestionably the proceeding is one in rem, so that the plaintiff obtains no personal judgment against the debtor; yet the lawmaker evidently thought it necessary to provide a special exception, to enable the judge where the property was situated to issue the writ, by including it in articles 163 and 736. Prior to the amendment of article 163 of the Code of Practice (Acts of 1876, p. 106) it had been held that the holder of a mortgage indebtedness similar to that in this case could be liquidated and the lien enforced in the court having jurisdiction of the property, notwithstanding the debtor was not domiciled there (Allen v. Tarlton, 22 La. Ann. 427); and if, under the general law, a suit via ordinaria might have been maintained at the debtor's domicile, then that part of the statute which said that in proceedings for executory process the debtor might be cited, either in the first instance or on appeal in either form, meant nothing in so far as the debtor's domicile was concerned, if it did not intend to empower the judge of the domicile to issue the writ of seizure and sale.

[2] The next contention made in support of the injunction is that, executory process having issued upon the same mortgage by another person, in the jurisdiction where the property is situated, and that writ having been enjoined by the court which issued it, a second writ could not issue upon the same mortgage by one court (that of the debtor's domicile) ordering the same sheriff who was thus enjoined to proceed with the sale of the property, but that, the first court having attained jurisdiction of the res, another will not interfere therewith, and all claims on the property must be litigated in the forum which first acquired jurisdiction. In this position we think the plaintiff is sustained by the jurisprudence, not alone of this state, but that of the other states, and of the Supreme Court of the United States. Lamorere v. Cox, 32 La. Ann. 249; State ex rel. Newman v. Burke, 35 La. Ann. 186; Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Suc. of Loeper, 105 La. 779, 30 South. 131. Again under the Revised Civil Code (article 3282) a mortgage is indivisible, and under neither the note in the present case nor the one sued on in St. Tammany parish could the property be sold to satisfy one installment of the indebtedness alone, but would have to be sold for the satisfaction of the entire debt, and, should it not realize enough to pay the whole, each would receive its pro rata share of the proceeds. Pepper v. Dunlap, 16 La. 163; Adams v. Lear, 3 La. Ann. 144. The court first seizing acquired jurisdiction of the res, and the granting of the injunction against that first seizure, by the court which issued it, did not release the property from custody. Lamorere v. Succession of Cox, 32 La. Ann. 246. There was nothing, therefore, upon which the writ of seizure and sale issuing from the court of the debtor's domicile could operate, the proceeding being one purely in rem, for it could not rob the court first seizing of its jurisdiction. There being nothing which could be seized, and the court issuing

the second writ not being able to distribute the fund which might arise from the sale under the first, the only remedy would appear to be to intervene in the first proceeding and seek payment out of the proceeds of the property when sold. If the issues on which the injunction were issued do not affect the right of the holder of the second note to have the property sold to pay his debt or any other of the series uncontested (for instance, if the ground for the injunction against the first note was that the same had been paid), we see no reason why the court which has the property in its hands might not, under a proper showing, direct the sheriff to proceed with the sale under the second note, in which event the issues as to the first note could be litigated without denying the right of the holder of the second (or of any others of the series uncontested) to be paid in full, or its pro rata share, if sufficient were not realized to pay all in full.

To permit this seizure to proceed would in all probability produce a conflict of jurisdiction and complicate the litigation, with no beneficial results to any one concerned, whereas, by resorting to the jurisdiction where the property is now held under seizure, the rights of all parties may be determined with prejudice to none.

For the reasons assigned, the judgments of the civil district court for the parish of Orleans and the Court of Appeals for Orleans Parish are annulled and reversed, and it is now ordered and decreed that the injunction sued out by the plaintiff herein be, and the same is hereby, perpetuated; defendant in injunction to pay all costs.

O'NIELL and PROVOSTY, JJ., concur in the ruling that the court of the domicile of the defendant had jurisdiction to issue the writ of seizure and sale, but dissent from the ruling that the sheriff of St. Tammany parish should not proceed to execute the writ.