## DENHAM v. KELLY.

### No. 1024.

Court of Appeal of Louisiana, First Circuit.

June 8, 1932.

C. C. Weber, of Donaldsonville, for appellant.

Chas. T. Wortham, of Donaldsonville, for appellee.

LE BLANC, J.

The appeal here is from an order for executory process. Plaintiff applied to the district court on January 9, 1932, and on the same day an order directing that executory process issue as prayed for and according to law was granted by Laura Pfister, who signs the same as deputy clerk of court. The three days' notice to pay was issued on the same day and served on the defendant on January 12, 1932, and in due course, on February 13, 1932, the property being foreclosed was seized under a writ of seizure and sale. Prior to the seizure, however, on February 10, 1932, there was another order for executory process, supplementing that issued by Miss Pfister, granted by Henry A. Dugas, clerk of court.

There is no dispute and can be none about the first order granted by Miss Pfister, who is not the chief deputy clerk of court, being null and void, as, under the provisions of section 9 of Act No. 204 of 1924 (page 322), the powers conferred upon clerks of court, among which is that of granting orders of executory process, can be performed only, as we understand it, by the "designated chief deputy." The record shows that the individual who occupies that position in Ascension parish is Mr. James S. Barman. But, as we view the matter, it is not the order that was granted by Miss Pfister, on January 9, 1932, but the one signed by Henry A. Dugas, clerk of court, on February 10, 1932, which is before us at present. Whilst the order of appeal granted by the district judge does not state that the appeal is granted from the latter order, it does mention that it is granted "as prayed for in the foregoing petition," and, in that petition, it is specifically alleged that it is the order for executory process that was rendered on February 10, 1932, that is contrary to the law and the evidence. Moreover, the appeal bond furnished by the appellant, itself, shows that the appeal is from the order which was signed on February 10, 1932. It is therefore that order, and that order alone, with which we are concerned, and the other order of January 9, 1932, passes out of our consideration.

It is not disputed that Henry A. Dugas, who granted the order of February 10, 1932, is the clerk of court. He is so designated by his own signature to the order. Therefore, the allegation in article 3 of appellant's petition for appeal "that no order authorizing the issuance of executory process has been issued by the Judge of this Court, the Clerk of Court, or the designated Chief Deputy Clerk of Court of this Honorable Court, all of which appears by the record filed herein," is not correct, because, on February 18, 1932, when such petition for appeal was presented to the judge, there was, and had been in the record, since February 10, 1932, an order issued by the clerk of court. Besides, on the day following the granting of the order for appeal, at the request of counsel for plaintiff, the writ of seizure and sale issued under the order granted by Miss Pfister was returned to the clerk of court and the property was released from seizure. There seems to be left, then, only the three days' notice to pay, issued under that order, to form the basis of the appellant's complaint before us.

Conceding that such notice to pay has any further legal existence, which at the most is very doubtful in view of the nullity of the order under which it was issued, the authorities seem to us to be so positive that on an appeal of this nature, the appellate court is limited in its review to the validity of the order that is before it only, and that its validity must be determined on the face of the record, that really, we are left without much more to do than to affirm the order that is appealed from. The fact that there is an outstanding notice to pay, of doubtful validity, is a matter which does not come within our powers of review at this time. Should the petitioner for executory process attempt to proceed further on such notice, the defendant's right to stop him is not by appeal, but by injunction. That is made clear by the numerous decisions of the Supreme Court on the question, from one of which, Germania Savings Bank v. Lemley, 50 La. Ann. 1289, 23 So. 874, we quote the following:

"On an appeal from an order of seizure and sale, the legality of the order alone can be inquired into. If the notice, or three days' demand of payment, required to be served upon the debtor, be defective or irregular or insufficient, either in substance or in the manner of its service, it may afford ground for injunction or other relief in the court below, but cannot be the subject of an appeal. Roman v. Denney 17 La. Ann. 126; Dodd v. Crain, 6 Rob. (La.) 60; Fazende v. Flood, 24 La. Ann. 425."

Restricting ourselves to a consideration of the legality of the order appealed from in this case, as indeed we must, and finding it to be valid, as appears on the face of the record, we are in duty bound to, and do now, affirm it.