Defendant herein is pursuing a suspensive appeal from an order of executory process granted at the instance of the plaintiff on a certain promissory note alleged to be secured by a vendor's lien and privilege and special mortgage on certain property conveyed in an act of sale between them and situated in the Tenth Ward of the Parish of Livingston. The property consists of a sawmill, a tractor, four oxen with yokes, bows, coupling pins and chains. The note which is paraphed "Ne Varietur" for identification with the act of sale and mortgage, and a certified copy of the act itself, with certificate of registration thereon, are annexed to the petition. The order for executory process was signed by the district judge on October 28, 1941.
In his petition praying for the order, plaintiff makes an allegation to the effect that the defendant, I.W. Sharp, has been declared insane in certain proceedings had before one of the judges of the district court in the Parish of Livingston, the same bearing the title "Interdiction of I.W. Sharp" and that according to his belief, the said interdiction has never been removed. He then alleges that for the purpose of conducting a legal action against *Page 696 
him it will be necessary that an attorney be appointed to represent the said defendant as curator ad hoc and, accordingly, he requests that M.C. Rownd, an attorney at law, be duly appointed as such. He then prays for service of notices and citation on defendant through the said curator ad hoc and also on the defendant in person.
In the order granted by the district judge we note that M.C. Rownd, Attorney at Law, is appointed curator ad hoc as requested and prayed for by the plaintiff and that he accepted service on the same day the order issued. We also note that on November 8, 1941, the defendant was personally served with a copy of the notice to pay as had also been prayed for. On November 14, 1941, within the legal delay, defendant obtained an order for a suspensive appeal which he perfected in due time so as to bring the matter before this Court for review.
The order of executory process is attacked on the ground that it was issued by the district judge without sufficient authentic evidence being presented to him. Defendant contends that inasmuch as plaintiff avers that there had been an interdiction proceeding and that the interdiction itself had never been removed, copies of the said proceedings should have been annexed to the petition.
We find no merit in appellant's complaint in this case for the reason that on an appeal from an order of seizure and sale, only the legality of the order itself can be inquired into. Here, there is nothing wrong about the order itself. The allegations concerning the alleged interdiction of the defendant were made primarily for the purpose of obtaining service of the notice to pay on the debtor and of having someone duly authorized to conduct the foreclosure proceeding contradictorily with. Moreover, as has already been noted, the defendant himself was personally served with the notice to pay. If it should become necessary to inquire into the manner of service as made on the party appointed curator ad hoc, and if there should be anything defective about that service, that is a matter which may afford ground for injunction or other relief in the district court before which the proceeding is pending, but it cannot be the subject of appeal. Germania Savings Bank of New Orleans v. Lemley, 50 La.Ann. 1289, 23 So. 874.
As we have stated, there is nothing irregular or illegal about the order granted by the district judge in this case. He was presented with a petition by a creditor holding a note made by the debtor, payable to himself and by himself endorsed in blank, and duly paraphed in conformity with an act of mortgage executed in authentic form, and importing a confession of judgment. The note itself and a certified copy of the act with a certificate of registration thereon are both annexed to the petition. This is all that was required in the way of evidence for the plaintiff to obtain the order of executory process which was properly granted by the district judge and which is hereby affirmed.