LOTTINGER, Judge.
The plaintiffs in this case, as the widow and some of the heirs at law of one Ernest Leleux, deceased, filed this suit praying for a declaratory judgment decreeing them to be the owners of a certain tract of land situated in the Parish of Vermilion and fully described in their petition. It is set forth that the tract is now in the possession of and claimed by the defendant, Douglas J. LeBoeuf. It appears that the land in question belonged to the community of acquets and gains which existed between Ernest Leleux and his wife, Eve Bertrand Leleux and that during the existence of this community, the said Ernest Leleux executed a special mortgage covering the land, along with certain lands situated in the Parish of Acadia. This act contained a confession of judgment and was joined in by the wife for the purpose of waiving her homestead rights.
After the death of Ernest Leleux, the holder of the mortgage foreclosed on same by means of executory process which was instituted in the Parish of Acadia. These proceedings were carried on against Eve Bertrand Leleux, as surviving widow of Ernest Leleux, in accordance with the provisions of Act 57 of 1926 (now LSA-R.S. 13:3414). In connection with these proceedings, the district court of the Parish of Acadia issued a writ of seizure and sale directed to the Sheriff of Vermilion Parish, authorizing and directing him to seize and sell the land in question. Under this writ, the Sheriff of Vermilion Parish seized and sold the land and said land was *105 adjudicated at the sale to the Latrielle Estate, Inc., the seizing creditor, as the highest bidder. Subsequently, the said Latrielle Estate, Inc. conveyed the land to the defendant, Douglas J. LeBoeuf.
The defendant, Douglas J. LeBoeuf, filed exceptions of no cause and no right of action in the Lower Court which were sustained, and the suit is now before us on an appeal taken by the plaintiffs.
It is admitted that Eve Bertrand Leleux, the surviving widow of Ernest Leleux, was domiciled in Acadia^ Parish, the place where the executory proceedings in question were instituted. However, plaintiffs contend that such executory proceedings are proceedings in rem and could, therefore, only be carried on in Vermilion Parish, where the land in question was located. It is, accordingly, contended by plaintiffs that the sale of the land in question by the Sheriff of Vermilion Parish, under writ of seizure and sale issued by the District Court of Acadia Parish, was null and void.
Code of Practice Article 163 provides as follows:
“In action of revendication of real property, or where proceedings are instituted, in order to obtain the seizure and the sale of real property, in virtue of an act of hypothecation importing confession of judgment, and in actions brought to enforce a legal or judicial mortgage against a third possessor, and in actions against a third possessor to enforce a special mortgage, and in all cases of provisional seizure or sequestration the defendant may be cited, whether in the first instance or in appeal, either within the jurisdiction •where the property revendicated, hy-pothecated or provisionally seized or sequestered is situated or found, though he has his domicil or residence out of that jurisdiction, or in that where the defendant has his domicil, as the plaintiff chooses; provided, that all judgments rendered in such cases shall only be operative up to the value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.” (Emphasis supplied.)
The contention raised by plaintiffs in the present case appears to us to have been raised and expressly passed upon in the case of Reugger v. DeBrueys, 146 La. 283, 83 So. 556. In that case executory process was instituted in the Parish of Orleans, where the defendant was domiciled, for the seizure and sale of a tract of land situated in the Parish of St. Tammany. The defendant sought to enjoin the executory process in Orleans Parish on several grounds. One of the grounds for the injunction was that the District Court of Orleans Parish did not have jurisdiction of executory proceedings for the sale of land in St. Tammany Parish. This question was expressly raised and disposed of as shown by the following statement of the Court:
“The first question to be disposed of herein is that of the jurisdiction ratione materiae of the district court. If the judge of the debtor’s domicile has no power to issue executory process against property in another jurisdiction, this would end the matter.”
The court then cited Article 163 of the Code of Practice, hereinabove set forth by us, which authorizes executory process either at the defendant’s domicile, or in the Parish where the property is situated, as the plaintiff chooses, and Article 736 of the Code of Practice, which authorizes the judge of the parish where the property is situated, to issue executory process, and said:
“The first article thus quoted is found among those provisions of the Code of Practice which provide the exceptions-to the general rule that a debtor must be sued at his domicile, and, it would seem, clearly authorizes the institution, of executory proceedings in either the jurisdiction where the property is situated, or that of the debtor’s domicile, *106 as the plaintiff chooses. The second, or article 736, which is found in the chapter dealing with executory process and the manner of its enforcement declares that the court within whose jurisdiction the property is situated has the power to issue the writ. So that we find no conflict as between these articles, but rather an intention of the lawmaker to give the two courts concurrent jurisdiction in the initiation of such proceedings.”
The court observed further:
“However, it is argued by plaintiff in injunction, defendant in execution, that although one holding an obligation secured by an act importing a confession of judgment may proceed in the court of the debtor’s domicile, when the property is situated elsewhere, this can only be done via ordinaria, or by petition and citation.”
In answer to this contention, the court went on to say:
“True, there are some expressions in the cases cited which seem to support that contention, but in none of them do we find that the issue was squarely presented as it is here; that is, where the creditor has presented a petition for executory process, with a proper authentic evidence, at the domicile of the debtor, when the property was situated elsewhere, and asked for an order of seizure and sale. We know of no good reason why this should not be done, not only because of the provisions of article 163, C.P., but because of the general principle of law that persons must be sued at their domicile.”
In a stipulation which was entered into between plaintiffs and defendant, it was agreed that Ernest Leleux, the party who executed the mortgage which was foreclosed on in the proceedings in question, was domiciled in Vermilion Parish at the time of his death, and that his wife, Eve Bertrand Leleux, against whom the ex-ecutory proceedings were filed, established her domicile in Acadia Parish after her husband’s death, and was domiciled in the Parish of Acadia at the time the proceedings were filed. Plaintiffs have pointed out that in the case of Reugger v. DeDrueys, supra, the court held that executory proceedings could be carried on in either the jurisdiction where the property is situated or that of the debtor’s domicile. Plaintiffs further argue that the debtor in this case was the husband, Ernest Leleux, whose domicile was Vermilion Parish, and that, accordingly, the proceedings should have been carried on there. We think, however, that a reading of the above cited case will show that the decision was based on Article 163 of the Code of Practice which provides that executory proceedings may be carried on either in the Parish where the property is situated or in the Parish where the defendant is domiciled.
At the time the executory proceedings involved in this suit were filed, the law authorized such proceedings against the surviving spouse in community where either the husband or the wife was deceased. See LSA-R.S. 13:3414, previously referred to. It is admitted in the case at bar that the property foreclosed on was community property, and that the proceedings were carried on against Eve Bertrand Leleux, the surviving widow in community. Clearly, said surviving widow was the defendant within the meaning of Article 163 of the Code of Practice and it necessarily follows, therefore, that the Court of Acadia Parish where the defendant, Eve Bertrand Leleux was domiciled, had jurisdiction of the proceedings in question.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.