THE STATE v. SMITH, *Appellant.*

**Indictment Pending Former Indictment for same Offense :** PRACTICE. The finding of an indictment does not *ipso facto* quash a pending indictment against the same defendant for the same offense. The statute, (Wag. Stat., § 4. p. 1087,) requires that the indictment first found be quashed by the court, and until that is done, the defendant cannot be put upon his trial on the second.

*Appeal from Jasper Circuit Court.* The case was tried before W. G. McGREGOR, ESQ., sitting as Special Judge.

REVERSED.

The defendant was indicted for assault with intent to kill, but before trial the indictment was stolen from the clerk's office. A new indictment was then found by the grand jury upon which he was tried and convicted. From this conviction he took this appeal.

*Chas. A. Winslow* for appellant.

*J. L. Smith*, Attorney-General, for the State.

SHERWOOD, C. J.—Numerous objections are taken to the correctness of the action of the trial court, but as it is unnecessary to notice but one, that one being decisive of this case, we will confine our attention to it. Section 4, page 1087, 2 Wagner's Statutes, provides: " If there be, at any time, pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment and shall be quashed." We cannot sanction the view of counsel for the State that " the finding of the second indictment under the statute, *ipso facto*, quashed the one theretofore found." It is quite too plain for argument that the statute in question contemplates some action of the court before the first indictment

"shall be quashed." By reason of finding the second indictment the first is only deemed to be suspended; it is not quashed, or even deemed to be quashed. If the Legislature intended that the consequences counsel contend for, should follow the finding of the second indictment, they certainly were very infelicitous in the use of language. It may not be amiss, as illustrating our views in this matter, to cite the language of another statute. Section 8, page 72, 1 Wagner's Statutes, states that "where an executor or administrator shall become non-resident, the court having jurisdiction of the estate of the testator or intestate of such executor or administrator, shall revoke his letters." And it was contended in the case of *State v. Rucker*, 59 Mo. 17, that the non-residence of the administratrix, by "operation of law," accomplished the revocation of her letters. But this court held otherwise, holding that judicial action was necessary to effect the result the statute indicates. The same rule of construction is evidently applicable in the present case. It follows, therefore, that the defendant could not have been put upon his trial on the second indictment until the first one had been quashed. And it does not matter that the first indictment had been stolen a few days before, since it would have been easy, under the ruling of this court in *State v. Simpson*, 67 Mo. 647, to have supplied the loss occasioned by the theft, if such supplying was necessary, prior to an order of quash. The judgment is reversed and the cause remanded. All concur.