# KEEFE ET AL. v. DISTRICT. COURT OF CARBON COUNTY.

CRIMINAL LAW—CHANGE OF VENUE—SECOND INFORMATION—JURISDICTION—PROHIBITION.

1. The same offense is charged in two informations for murder against the same defendant, although in the second he is charged jointly with another, where both informations charge the same degree of crime, and the killing of the same person at the same time and place.

2. The statute requiring the prosecuting attorney to elect upon which of two or more indictments against the same defendant for the same criminal act he will proceed (R. S. 1899, Sec. 5300) refers to indictments pending in the same court and one having jurisdiction to proceed on either.

3. The effect of a change of venue in a criminal case, after the filing of the original papers and transcript in the court to which the case has been transferred, is to invest the latter court with complete and exclusive jurisdiction to try the accused upon the information on which the change was granted for the offense therein charged, and, during the pendency of the case in that court, the court granting the change of venue has no jurisdiction to try the accused upon a second information for the same act and offense filed after the change was granted.

4. One of the principal purposes of the writ of prohibition is to prohibit an inferior court from proceeding in a cause over the subject matter of which it has no jurisdiction, and which, if proceeded in, may result in injury or damage for which the party has no adequate or complete remedy in the usual course of law.

5. Where, after a change of venue in a murder case and during its pendency in the court to which it was transferred, the court that granted the change is proceeding without jurisdiction to try the defendant for the same criminal act and offense upon a second information filed after the granting of the change, a writ of prohibition is proper to prevent such proceeding, as the remedy by proceedings in error would be neither complete nor adequate.

[Decided March 21, 1908.]                (94 Pac., 459.)

APPLICATION for writ of prohibition. The proceeding was instituted on behalf of Frank J. Keefe to restrain the

district court of Carbon County from proceeding to try him upon a second information for murder in the first degree, the case upon the first information having been transferred to Albany County on change of venue, and being there pending. The plaintiffs in the proceeding were Frank J. Keefe, and the State of Wyoming on the Relation of said Frank J. Keefe. The defendants were the District Court of Judicial District No. 3, or the Third Judicial District, of the State of Wyoming within and for the County of Carbon, and David H. Craig, Judge of said Court. The material facts are stated in the opinion.

*H. V. S. Groesbeck* and *W. R. Stoll,* for plaintiffs.

After a change of venue is properly granted and the cause thereupon transferred, the court granting the change loses all jurisdiction of the case, and the court to which the cause is transferred takes sole and exclusive jurisdiction thereof. (R. S. 1899, Sec. 4289; 12 Cyc., 253; 4 Ency. Pl. & Pr., 470, 471, 486, 487; People v. Suesser (Cal.), 75 Pac., 1093; Frazier v. Fortenberry, 4 Ark., 162; State v. Twiggs, 60 N. C., 142; Bowles v. State, 37 Tenn., 360; State v. Swepson, 81 N. C., 571; State v. Rayburn, 31 Mo. App., 385; Woodring v. State (Tex.), 24 S. W., 293; *In re* Est. of Whitson (Mo.), 1 S. W., 125; State v. Ledford (N. C.), 45 S. E., 944; State v. Lay (Mo.), 29 S. W., 999; Ammons v. State, 9 Fla., 530; Goodhue v. People, 94 Ill., 37.)

And in a criminal case the court granting the change loses all jurisdiction not only over the indictment or information transferred, but over any other founded on the same transaction and charging the same offense, whether filed at the same or a subsequent time. (R. S. 1899, Sec. 4289; Johnston v. State (Ga.), 45 S. E., 381; Smith v. Com. (Ky.), 25 S. W., 106; 1 Whart. Am. Cr. L., 521; State v. Tisdale, 19 N. C., 159.) The Missouri cases of State v. Billings, 140 Mo., 193; State v. Paterson, 73 Mo., 695, and State v. Smith, 71 Mo., 45, do not controvert this

proposition.   They construe a statute peculiar to that state. The proposition contended for does not prevent the prosecution from presenting further indictments for the same offense, but that right cannot be resorted to as a subterfuge, nor can it prevail to compel a trial for the same offense upon more than one indictment, nor to oust a court of its exclusive jurisdiction once attached.   (1 Arch. Cr. P. & P., 336-337; 1 Bish. C. L., 1014; 1 Bish. Cr. Proc., 870; 1 Whart. Am. Cr. L., 547; Com. v. Drew, 3 Cush., 279; State v. Tisdale, *supra;* Dutton v. State, 5 Ind., 533; Com. v. Murphy, 11 Cush., 472; Com. v. Berry, 5 Gray, 93; U. S. v. Herbert, 5 Cranch C. C., 87; People v. Van Horne, 8 Barb., 158; Roby v. State (Neb.), 85 N. W., 61; Stuart v. Com., 28 Gratt., 950; Doyal v. State, 70 Ga., 134; Hardin v. State, 4 Tex. App., 355; Cock v. State, 8 Tex. App., 659; State v. Gut, 13 Minn., 315; Richardson v. State, 2 Tex. App., 322; Irwin v. State (Ga.), 45 S. E., 48; State v. Boulter, 5 Wyo., 236; State v. Klugherz (Minn.), 98 N. W., 99.)

Two offenses with which a particular individual is charged are identical when they, in substance, charge one and the same offense committed by one and the same person at one and the same time by one and the same instrument or means and in one and the same transaction.   The offense charged in these two informations is clearly the same.   The joining of another defendant in the second information does not render the offense charged a different one. (Cock v. State, 8 Tex. App., 659; 12 Cyc., 280, 281; 1 Bish. Cr. L., 1048-1052.)

The application of the defendant for bail under the second information after the plea to jurisdiction was denied did not confer jurisdiction to try him thereon pending the case upon the first information in the other court.

Whenever a plea to the jurisdiction of the court is once made and insisted upon by the defendant, any subsequent appearance to further carry on the case as required under the procedure of the court does not make a general ap-

pearance or waive defendant's right to still question such jurisdiction, and especially is this true where at all times, even after his plea is denied, he continues to object to the jurisdiction. (3 Cyc., 504-509; Allen v. Miller, 11 O. St., 374; Hagood v. Dial, 43 Tex., 625; State v. Shipley (Md.), 57 Atl., 12.)

Keefe cannot now be tried in any court for the offense charged, since he was not brought to trial before the end of the second term of the court having jurisdiction after the filing of the information. (R. S. 1899, Sec. 5382; Const., Art. 1, Sec. 10; 1 Bish. Cr. Proc., 951; 21 Ency. Pl. & Pr., 958; Robinson v. State, 12 Mo., 592; Fanning v. State, 14 Mo., 386; *In re* Spradlend, 38 Mo., 547; State v. Cox, 65 Mo., 29; State v. Marshall, 115 Mo., 383; State v. Steen, id., 474; State v. Riddle (Mo.), 78 S. W., 606; State v. Ashcraft (Mo.), 8 S. W., 216; State v. Wear, 145 Mo., 163; Kibbler v. Com., 94 Va., 804; *Ex parte* McGehan, 22 O. St., 442; State v. Garthwaite, 23 N. J. L., 143; State ex rel. v. Larson (N. D.), 97 N. W., 537; *In re* McMicken (Kan.), 18 Pac., 473; State v. Dewey, 73 Kan., 735; People v. Morino (Cal.), 24 Pac., 892; *In re* Begerow, 133 Cal., 349; State v. Fasket, 5 Rich. L. (S. C.), 255; State v. Kuhn, 154 Ind., 450; Guthman v. People, 203 Ill., 260; People v. Heider, 225 Ill., 347; Dublin v. State, 126 Ga., 580.) Upon this question the confinement of Keefe in the penitentiary under a conviction for another offense is immaterial. The fact that he was in the penitentiary did not prevent his being brought to trial for another offense. (2 Bl. Com. (Church's Ed.), 686-688; 4 Bl. Com. (Chase's Ed.), 1034-1039; 1 Abb. L. Dict., 105-106; 1 Bish. Cr. L., 953, 966-970; 21 Cyc., 353; People v. Hong Ah Duck, 61 Cal., 387; People v. Majors (Cal.), 3 Pac., 597; People v. Flynn (Utah), 26 Pac., 1114; Clifford v. Dryden (Wash.), 72 Pac., 96; State v. Connell, 49 Mo., 282; R. S. 1899, Sec. 3699; L. 1905, Ch. 6.)

Prohibition is the proper remedy. (Dobson v. Westheimer, 5 Wyo., 34; State ex rel. v. Dist. Court, id., 227;

State ex rel. v. Ausherman, 11 Wyo., 410; State ex rel. v. Court, 12 Wyo., 547; State ex rel. v. Court, 13 Wyo., 184.) The mere fact that the questions might be reviewed on a proceeding in error is not sufficient to justify a refusal of the writ, nor the fact that the court below held that it had jurisdiction. (Cases *supra,* and 2 Bailey on Jur., 445-481; Brown on Jur., 175.)

*N. R. Greenfield,* for defendants.

Where a change of venue is granted upon an information or indictment, the venue is changed only as to that indictment or information, and the court to which the change has been granted has exclusive jurisdiction over it, but that fact in no way precludes the filing of a new information or indictment.   Such ′new or second information or indictment must be filed and presented in the county where the offense is alleged to have been committed, and if the defendant should still desire a change of venue, he must apply anew therefor.   (State v. Goddard, 162 Mo., 198; State v. Anderson, 96 Mo., 241; State v. Bartlett (Mo.), 71 S. W., 41; State v. Vinso, 171 Mo., 576; Vaugh v. State, 32 Tex. Cr., 407; Luttrell v. State, 40 Tex. Cr., 651; Hardin v. State, 22 Ind., 347; Dunton v. State, 5 Ind., 533; Winn v. State, 82 Wis., 571.) The court granting a change of venue in a criminal case, therefore, loses jurisdiction only as to the particular indictment upon which the change was granted.   To all intents and purposes each separate indictment or information is a separate and distinct case, to which the defendant must plead and take any other steps necessary to his defense.   And generally not only may the prosecution file as many indictments or informations as may be deemed advisable, but the pendency of a first-is no bar nor a ground for a plea in abatement to a second.

When the jurisdiction of an inferior tribunal depends upon the existence of certain facts, an adjudication by such tribunal of the existence of such facts is conclusive of the question of jurisdiction, and if reviewable at all, must be

(13)

reviewed by appeal or error. (Mau v. Ausherman, 11 Wyo., 432; Wells on Jur., 61; 1 Bailey on Jur., 13, 14; Brown on Jur., 18.) The same questions are here raised that were presented by Keefe's plea to the jurisdiction in the district court, and there decided adversely to him. Until that decision is reversed on appeal it must stand as the law of the case, and there would seem to be no ground for prohibition. Keefe, therefore, has a plain, adequate and speedy remedy by proceedings in error. (State v. Court, 5 Wyo., 232; Walcott v. Wells, 21 Nev., 47; High. Ex. Leg. Rem. (3d Ed.), 770, 771.) He failed to avail himself of his remedy after the overruling of his plea to the jurisdiction; but waived whatever rights he had by applying for bail, and demanding a speedy trial. We do not wish to be understood as contending that consent can generally confer jurisdiction of the subject matter, but the matter of venue is a privilege which may be waived, while other rights of the defendant, such as being confronted by witnesses, presence of accused, right to be heard by counsel, etc., are more in the nature of absolute rights, conferred not alone in the interest of the accused, but as essentials to be observed by the state, in order that substantial justice may be rendered. The matter of the time and place of trial are not in the nature of absolute rights of the accused and may be waived by him.

The statute relating to the discharge of a prisoner when not brought to trial within the time provided is not imperative and mandatory. Under a related section the court is given a large discretion in the matter. (R. S. 1899, Sec. 5384; Erwin v. State, 29 O. St., 186; Johnson v. State, 42 O. St., 207; McGuire v. Wallace, 109 Ind., 284.) The failure to bring to trial within the statutory period does not oust the court of jurisdiction, and the defendant may waive his right under the statute. (Leisenberg v. State, 60 Neb., 628; Johnson v. State, supra; Cerny v. State (Neb.), 87 N. W., 336; 56 L. R. A., 513, and cases cited.)

There must be imprisonment as well as the filing of an information to put the statute in operation. While Keefe was

in the penitentiary the situation was the same in effect as though he had escaped from the county jail, so far as this question is concerned; and while a defendant is a fugitive from justice the statute does not run. Affirmative action on his part in demanding a trial after his former conviction and during his imprisonment in the penitentiary was necessary to set the statute in motion. (Meadowcroft v. People, 163 Ill., 56 (35 L. R. A., 176.) It has generally been held that the defendant will not be entitled to his discharge where the delay is caused by appeal and error (even by the state where it is finally decided that it had no right of appeal), mistrial, granting a new trial, change of venue, failure to secure a jury, or providential interference, such as illness of the judge or prisoner, or destruction of the court house, continuance to obtain evidence, *nolle prosequi* and filing a new information, or a want of time to try the case. It is also held that the statute does not operate while the defendant is confined in the penitentiary on another offense. (State v. Brophy, 8 O. Dec., 698; Gillespie v. People, 176 Ill., 238.)

BEARD, JUSTICE.

This is an original proceeding commenced in this court by the plaintiffs praying for a writ of prohibition to be directed to the defendants, the district court of Juidcial District Number Three within and for Carbon County, and David H. Craig, judge of said court, commanding it and him to desist and refrain from any further proceedings in a certain criminal action now appearing to be pending in said district court, wherein the State of Wyoming is plaintiff, and the plaintiff herein, Frank J. Keefe, and one William Keefe are defendants. Upon presentation of the petition an alternative writ was issued by this court, and the case has been argued and submitted upon the petition for the writ, the answer of the defendants thereto, and an agreed statement of facts.

The facts, in so far as they are necessary to an understanding of the questions decided, are, that on the 22d day

of May, 1903, the county and prosecuting attorney of said Carbon County filed an information in the district court of said county, charging the said Frank J. Keefe with the crime of murder in the first degree, in that he, the said Frank J. Keefe, did, on the 20th day of April, A. D. 1903, at the County of Carbon and State of Wyoming, unlawfully, wilfully, feloniously, purposely and with premeditated malice kill and murder one Thomas J. King. That upon being arraigned on said information in the district court of Carbon County he did not plead thereto, but upon his application for a change of place of trial a hearing was had resulting in an order of said court, dated August 10, 1903, granting a change of place of trial of said action to the district court of Albany County, where the same is now pending and undetermined and has been so pending and undetermined since about August 13, 1903, when the transcript and original papers on change of venue were filed in that court. That on September 7, 1903, the county and prosecuting attorney of Carbon County filed another information in the district court of that county, charging the said Frank J. Keefe and one William Keefe with the crime of murder in the first degree, in that they, the said Frank J. Keefe and William Keefe did, on the 20th day of April, A. D. 1903, feloniously and purposely, and with premeditated malice, kill and murder one Thomas J. King. That Frank J. Keefe was arrested upon a bench warrant issued March 12, 1907, by the district court of Carbon County, that William Keefe has never been arrested, and that Frank J. Keefe was served with a copy of the last mentioned information March 20, 1907. That on March 26, 1907, he was arraigned in the district court of Carbon County on said last mentioned information and thereupon interposed his plea to the jurisdiction of the court and in bar, setting forth the foregoing facts among others, which pleas were by the court overruled. Whereupon he was again arraigned, but stood mute, and the court ordered a plea of not guilty to be entered for him. That on April

10, 1907, he, still protesting that the court was without jurisdiction, applied for admission to bail.     That on April 13, 1907, he was by order of said court admitted to bail and the cause was by order of the court set for trial on October 7, 1907, the first day of the ensuing term of said court.     On said last date the cause was reset by order of the court for October 17, 1907, before which last mentioned date the alternative writ in this proceeding was issued and served.     The defendants admit in their answer that unless restrained they will proceed to try said Keefe upon said information.     It is conceded that the Frank J. Keefe, charged in each of the informations with the murder of King, is the same person, and that the Thomas J. King, alleged in each to have been killed, is one and the same person.

It has not been seriously contended that the offense charged in these two informations is not the same, and we think there is no room for such contention.     The party charged in each is the same person, the person alleged in each to have been murdered is identical, the time and place alleged in each are the same and both charge the same degree of crime.     The fact that William Keefe is made a defendant in the second information and is jointly charged with Frank J. Keefe could in no way change the character of the offense.     The deceased could be killed but once and at one time and place, and, if the killing was criminal, all who participated in it would be guilty and might be prosecuted therefor either jointly or severally.     The crime would be single whether the act was that of one or many.     The two informations charge the offense in almost identical language, and unquestionably charge the same offense.

It is urged that the county and prosecuting attorney had the right to file as many informations as he chose for the same offense and that such right is recognized by Section 5300, Revised Statutes 1899, which provides, "If there be at any time pending against the same defendant two or more indictments for the same criminal act, the prosecuting attorney shall be required to elect upon which he shall proceed,

and upon trial being had thereon the remaining indictment or indictments shall be quashed." If this provision be taken to mean two or more indictments charging the same offense rather than charging different offenses or degrees of offense for the same act, still we think it inapplicable here. It evidently refers to indictments pending in the same court and a court having jurisdiction to proceed on either.

In the present case the court of Carbon County had original and exclusive jurisdiction to proceed against Frank J. Keefe for the killing of King, and it acquired jurisdiction of his person by the filing of the first information by the county attorney and on his being arrested and brought before the court on the charge therein contained. When the change of venue was granted by the court of Carbon County to the district court of Albany County and the original papers and transcript were filed in the latter, the jurisdiction of the district court of Albany County became complete, and the cause then stood for trial at the first regular term thereafter in that court. (Sec. 4289, R. S. 1899.) It then became the duty of the county attorney of Albany County to prosecute the case as though it had originated in that county. (Sec. 1104, R. S. 1899.) "The trial shall be conducted in all respects as if the offender had been indicted or informed against in the county to which the venue has been changed." (Sec. 5336, R. S. 1899.)

Counsel for the defendants here, while conceding that by the change of venue the court of Albany County acquired exclusive jurisdiction and the court of Carbon County lost jurisdiction, argues that the jurisdiction thus acquired by the former and lost by the latter was the right to try the accused upon that particular information and did not deprive the court of Carbon County of jurisdiction to try him upon another information preferred against him in that county for the same offense. In support of this proposition he cites a number of Missouri decisions. Those cases were decided under a statute of that state which provided, "If there be at any time pending against the same

defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment and shall be quashed." It was held in State v. Eaton, 75 Mo., 586, overruling State v. Smith, 71 Mo., 45, that the finding of the second indictment did not *ipso facto* quash the first. The court said: "The statute suspends the first indictment and declares that it shall be quashed. There could, therefore, be no prosecution under that indictment, because the finding of the second indictment suspended it." And it was held that as no prosecution could be had upon the first indictment which was suspended by the finding of the second, the pendency of the first, although not quashed by any formal order of the court, was not a bar to proceeding on the second. It was also held in State v. Melvin, 166 Mo., 565, that under that statute the first indictment, not having been quashed by any formal order of the court, was still in force after the second was quashed on its record. We have no such statute in this state, and the Missouri decisions do not reach the question under consideration. They do, however, recognize the principle that a defendant cannot be subject to trial at the same time upon two informations or indictments charging the same offense.

The effect of the change of venue was to invest the court of Albany County with complete and exclusive jurisdiction to try Keefe upon the first information for the offense therein charged. It is not claimed that the first information is not a good and sufficient information charging Keefe with murder in the first degree for the killing of King, the same offense charged in the second information. When the district court of Carbon County granted the change it lost jurisdiction to try Keefe for the crime there charged against him by the information on which it was then proceeding and could not, either directly or indirectly, vacate its order making the change after the original papers and transcript were filed in the district court of Albany County and the

jurisdiction of that court had become complete.   For the
purposes of this case it may be conceded that the prosecut-
ing attorney had the right, after the change was granted,
to file another information charging Keefe with the same
offense and that such information, if filed, must be filed
in the county where the offense was alleged to have been
committed; but the right to proceed upon such second in-
formation is an entirely different question.   To permit the
court to proceed to trial upon such second information would
be to permit it to do indirectly what it could not do directly,
viz.: to resume jurisdiction of a case then lawfully pending
in another court, which jurisdiction it had lost by virtue of
its own order in granting the change.

In Smith v. Commonwealth, 95 Ky., 322, Smith had been
indicted in Perry County for murder and the venue was
changed to Clark County.   While this indictment was still
pending and undetermined in the Clark circuit court, the
grand jury of Perry County again indicted Smith for the
murder of the same person.   Objection was made to the
jurisdiction of the circuit court of Perry County, but that
court held that its jurisdiction over the case had not been
divested by the transfer of the former indictment to Clark
County; and was about to proceed with the trial when Smith
applied for and procured a change of venue to Bell County.
In the latter court the same questions as to the jurisdiction
were presented and were overruled and the case proceeded
to trial under protest, resulting in the conviction of Smith,
and he appealed.   The court said: "It is clear that by its
transfer of the case to the Clark circuit court the Perry
circuit court lost all jurisdiction over the subject matter of
the indictment.   The proceedings, therefore, thereafter had
on the second indictment were void for want of jurisdiction
in the court in which they were had, and this is true of the
attempted trial in the Bell circuit court.   *   *   *   The so-
called trial in Bell was, in legal contemplation, no trial at all,
and the same would have been true of every attempted trial
in Perry on this second indictment."

In Johnston v. State, 118 Ga., 310 (45 S. E. Rep., 381), Johnston was indicted for murder in Dade County and the venue changed to Whitfield County. While this indictment was pending in Whitfield County, Johnston was again indicted in Dade County for the same offense. On being arraigned on this second indictment he interposed in writing objections in the nature of a plea in abatement to being tried in Dade County, and alleging that by the change of venue the court of Dade County was without jurisdiction to try him upon any indictment for the offense charged in the indictment which had been transferred to Whitfield County. After discussing the question and citing authorities the court said: "We are, therefore, satisfied that the superior court of Dade County, upon the change of venue to Whitfield County, lost jurisdiction to try the accused upon the issue joined upon the indictment which was transferred, or upon any other indictment or presentment founded upon the same transaction and charging the same offense." (See also Bowles v. State (5 Sneed's Rep.), 37 Tenn., 360; State v. Swepson, 81 N. C., 571.)

It seems reasonable that a defendant ought not to be required to defend against two or more charges for the same offense at the same time, especially when there is no question as to where the alleged offense was committed; and our statute recognizes that principle in Section 5300 above quoted. According to the theory of counsel for defendants in this case, the district court of Albany County has complete and exclusive jurisdiction to try Keefe for the murder of King on the first information, and the district court of Carbon County, or the district court of some other county to which the same might be transferred on change of venue, has complete and exclusive jurisdiction to try him for the same offense on the second information; and there is nothing to prevent the two cases from being set for trial on the same day. Neither county attorney could elect upon which he should be tried, for the very obvious reason that he has no control over the case pending

in the other county. We are clearly of the opinion that the district court of Carbon County has no jurisdiction to proceed to try Keefe upon the second information filed in that court during the pendency of the case in Albany County.

It is also contended that a writ of prohibition should not issue in this case because Keefe has an adequate remedy by appeal from the decision of the district court in holding that it has jurisdiction. Without entering upon a discussion of the application of a writ of prohibition, we deem it sufficient to say, that one of the principal purposes of the writ is to prohibit an inferior court from proceeding in a cause over the subject-matter of which it has no jurisdiction, and which if proceeded in may result in injury or damage for which the party has no adequate or complete remedy in the usual course of law. If such remedy exists and is complete and adequate the writ should not issue.

In the case at bar we have held in the former part of this opinion that the district court of Carbon County does not have jurisdiction of the subject-matter of the action in which further proceedings are sought to be prohibited. Has Keefe then an adequate and complete remedy by proceedings in error for the injury or damage he may suffer? We think this question must be answered in the negative. If the case is to proceed in the district court of Carbon County, he must give bail for his appearance or go to jail until he is tried; must be at the expense of defending himself against the most serious charge that could be brought against him, and that in a court having no right to try him; and if convicted, remain in custody until he can have the case regularly heard and determined in this court on proceedings in error. "There must not only be a right to appeal, but the appeal must furnish an adequate remedy, in order to prevent the issuance of the writ." (Havemeyer v. Superior Court, 84 Cal., 327 (18 Am. St. Rep., 192, on p. 238); People ex rel. L'Abbe v. District Court, 26 Colo., 386; State ex rel. Cummings v. Superior Court, 5 Wash.,

518; Brouillette et al. v. Judge, 45 La. Ann., 243; Weaver v. Toney, 54 S. W. Rep. (Ky.), 732; Crisler v. Morrison, 57 Miss., 791; McInerney v. City of Denver, 17 Colo., 302; Bruner v. Superior Court, 92 Cal., 239.) In each of the cases above cited the right to have the decision of the lower court reviewed on appeal was held to be inadequate, although in none of them was the injury likely to be suffered so great as in the case at bar. In the last case cited the court said: "But it would be a difficult proposition to maintain that a defendant in a criminal case, forced through all the stages of a trial for felony without any indictment against him, or, which is the same thing in effect, upon a void indictment, would have a plain, speedy, and adequate remedy because after conviction and judgment, and perhaps after suffering the ignominy of imprisonment in the state prison, he could have the illegal proceeding reversed on appeal." The case being one where the district Court of Carbon County is without jurisdiction, and where the remedy by proceedings in error is neither complete nor adequate, it is a proper case for the exercise of the powers of this court to grant the writ of prohibition.

Let the writ issue prohibiting the defendants, the district court of Carbon County and Hon. David H. Craig, the judge thereof, from further proceeding against the plaintiff, Frank J. Keefe, in the action now pending in said court wherein the State of Wyoming is plaintiff, and the said Frank J. Keefe and William Keefe are defendants, numbered 518, during the pendency of the case of the State of Wyoming vs. said Frank J. Keefe, now pending in the district court of Albany County.                                    *Writ allowed.*

POTTER, C. J., and SCOTT, J., concur.