[Civ. No. 3174. First Appellate District, Division One.—January 27, 1920.]

JOHN N. HUNT, as County Treasurer, etc., Plaintiff and Respondent, v. CONTINENTAL NATIONAL BANK et al., Defendants; CENTRAL NATIONAL BANK, Appellant.

[1] STREET LAW—WORK UNDER ROAD DISTRICT IMPROVEMENT ACT OF 1907—LIEN OF LABORERS AND MATERIALMEN—CODE PROVISIONS INAPPLICABLE.—The remedy provided for laborers and materialmen under the terms of section 1184 of the Code of Civil Procedure is not available to them in cases where their claims arise out of the doing of labor or the furnishing of materials or appliances to and for a contractor having a contract for road work under the provisions of the Road District Improvement Act of 1907.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Reversed.

The facts are stated in the opinion of the court.

Kemp, Mitchell & Silberberg for Appellant.

James, Smith & McCarthy, G. P. Adams, W. W. Orme, Robert E. Abbott and W. C. Petchner for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of certain defendants in an action in interpleader brought by the plaintiff, as county treasurer of Los Angeles County, to determine certain conflicting claims to certain bonds issued by the said treasurer under the provisions of the Road District Improvement Act of 1907.

The facts out of which the controversy arose are undisputed and are briefly these: The supervisors of the county of Los Angeles undertook the construction of a road therein under the provisions of the Road District Improvement Act of 1907. (Stats. 1907, p. 806.) The contract was regularly let to a contractor and the work completed thereunder and duly accepted by said board, and the bonds provided in said act to be issued in payment for such work were duly issued by the said treasurer of the county as required by the terms of said act. In the meantime and after the execution of the contract and prior to the completion of the work the

contractor, in consideration of money advanced to him by the Continental National Bank to enable him to prosecute such work and as security for such advances, assigned to the said Continental National Bank his said contract and his rights thereunder to the issuance to him of the said bonds to be issued in payment for said work. Upon the completion of said work various laborers and materialmen who had performed labor upon or supplied materials and appliances for use in the performance of said work, and whose claims had not been paid by the contractor, filed with the said board of supervisors notices of their claims, with notices to withhold payment to the contractor under the provisions of section 1184 of the Code of Civil Procedure, and thereby undertook to assert their respective claims of right to receive the amounts of their said claims out of the said bonds before any issuance of the same to or payments thereunder to the contractor or his said assignee. The Continental National Bank, as such assignee, also presented its claim of right to receive all of said bonds under and by virtue of its said assignment thereof from said contractor. To determine these adverse claims to the bonds in question the plaintiff, as such treasurer, instituted this action, and the parties defendant, having been thus interpleaded, presented their respective claims to the trial court, which by its judgment undertook to declare that the said labor and material lien claimants had by virtue of their said stop notices under section 1184 of the Code of Civil Procedure established their right to payment of their said claims out of said bonds and had liens thereon, which the trial court attempted to enforce and satisfy by directing certain of said bonds, amounting in value to the sum of $4,560.58, the aggregate amount of said labor and materialmen's claims, should be delivered to the sheriff of said county to be collected by him as payable, the proceeds thereof to be applied in satisfaction of such claims.

The Continental National Bank appeals from such judgment and urges two main contentions upon such appeal. [1] By the first of these it raises the question as to whether the remedy provided for laborers and materialmen under the terms of section 1184 of the Code of Civil Procedure is available to them in cases where their claims arise out of the doing of labor or the furnishing of materials or appli-

ances to and for a contractor having a contract for road work under the provisions of the Road District Improvement Act of 1907. Upon an examination of the Road District Improvement Act in the light of the recent decision of the case of *Adamson* v. *Paonessa*, 180 Cal. 157, [179 Pac. 880], we are constrained to hold that the contention of the appellant upon this question must be upheld. It is true that the above-cited case arose out of the doing of street work under the provisions of the Street Improvement Act of 1911, but otherwise the position of the respective parties to that case and to the case at bar is practically identical. Each is a case in interpleader; in each the plaintiff is the treasurer, entitled to issue the bonds in controversy; in each case the assignee of the contractor's rights under his contract is one of the claimants to the whole of the bonds to be issued in payment of the improvement work. The other claimant in the cited case is the bondsman of the contractor who has paid certain claims for material and labor, and has by so doing become subrogated to the rights of said claimants, while in the instant case it is the labor and material claimants themselves who are directly insisting upon the application of a portion of the bonds to the payment of their claims. In respect to the acts of the legislature of 1907 and of 1911, providing for street and road improvements to be paid for upon what may be termed the bond issue plan, out of which the conflicting claims in each of these cases arose, they differ somewhat in their verbiage, but their general effect is the same. They each provide a method of payment for improvements undertaken thereunder, which is not that of payment in money, for which the public official body ordering the improvements of the county or municipality or district within and for the benefit of which the improvements are made are directly liable, but for which payment a plan of assessment of the property within the public subdivision benefited by the improvement in question is to be carried into effect, and out of the funds derived from such assessment the bonds to be issued in the first instance for such improvements are to be eventually paid. Each of these two acts of the legislature contains a section requiring the contractor to give a bond which shall inure to the benefit of any and all performing labor upon or furnishing materials to be used in the improvement un-

dertaken under each of said acts. In each of said acts it is specifically provided that the bonds to be issued thereunder are to be payable exclusively out of the funds derivable exclusively from the assessment of the area, and that the county or municipality issuing such bonds shall not be otherwise holden for the payment of the same. Such being the similarities of these two acts of the legislature, the supreme court, in dealing with the question as to whether the provisions of section 1184 of the Code of Civil Procedure were available to laborers or materialmen having unpaid claims for such labor or materials supplied to contractors for street improvement work done under the provisions of the act of 1911 (Stats. 1911, p. 730), held that under the terms of the act there was no existing fund out of which the contractor was to be paid, and hence no money provided in the hands of any official or body which could practically be retained in order to meet the claims of those seeking to have such funds or money retained in order to meet their claims asserted through the method provided under section 1184 of the Code of Civil Procedure. The court quotes the provisions of said section as amended in 1911, (Stats. 1911, p. 1315), and then proceeds to say: "This provision is clearly applicable only to cases where the contractor is to be paid either by the owner of the property upon which the work is done or by the person, public or private, by whom the contract was made. It cannot be applied where payment is not to be made in that manner, but is to be made by a number of different persons not parties to the contract each of whom pays independently his separate share of the amount due." The court concludes that under the Improvement Act of 1911 the only recourse of unpaid laborers and materialmen is to the bond of the contractor, which is made to expressly inure to their benefit.

It may be claimed that a distinction can be drawn between the provisions of the Improvement Act of 1907 and those of the act of 1911, arising out of the fact that in the latter act the bonds are to be paid by assessments levied upon the individual property of each person benefited by the improvement of the street, while in the act of 1907 the bonds are to be paid by district taxation; but this is a distinction without a difference, since under each act the official body issuing

the bonds does not bind the county or district or municipality to pay the same, but only to take the legal steps for the levy and collection of the special taxes out of which the bonds are to be paid. We can, therefore, perceive no escape from the application of the reasoning and conclusions of the supreme court in the foregoing case to the case at bar; and it follows therefrom that the laborers and materialmen who are the real respondents herein, having no rights under section 1184 of the Code of Civil Procedure which would enable them to reach and impound the bonds issued for the work done by the contractor, under the provisions of the act in question, the court was in error in its attempt to sequester any portion of such bonds as against the claim of right of the Continental National Bank to receive the whole thereof as the assignee of the contractor. ·

This view of the case renders unnecessary any consideration of the merits of the several claims of the respondents as laborers and materialmen under the provisions of section 1184 of the Code of Civil Procedure, since none of them was entitled to relief in this case under said section.

Judgment reversed, with instructions to the trial court to enter a judgment directing the delivery of the bonds in question and of all moneys collected thereon by the plaintiff to the appellant Continental National Bank.

Waste, P. J., and Knight, J., *pro tem.,* concurred.