[Civ. No. 3228.  Second Appellate District, Division Two.—November 18, 1920.]

JOHN N. HUNT, as County Treasurer, etc., Respondent, v. EMPIRE SECURITIES COMPANY (a Corporation), Defendant, Cross-Complainant and Appellant; ROBERT BEYRLE et al., Defendants, Cross-Complainants and Respondents.

[1] HIGHWAYS — LABOR AND MATERIALS — STOP NOTICES — INAPPLICABILITY OF CODE PROVISION.—Section 1184 of the Code of Civil Procedure does not apply to contracts for the improvement of streets and highways, and a stop notice given pursuant to that section under such a contract does not have the effect of sequestering the funds in the hands of the person who is charged with their disbursement, as would occur in the case of a contract between private parties or for the construction of a public building.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Reversed.

The facts are stated in the opinion of the court.

Donald Barker, Wm. H. Neblett and George W. Crouch for Appellant.

A. J. Hill, County Counsel, and Edward T. Bishop, Deputy County Counsel, for Plaintiff and Respondent John N. Hunt.

Scarborough & Bowen for Defendant, Cross-Complainant and Respondent Robert Beyrle.

Jensen & Jensen for Respondent Los Angeles Rock & Gravel Co.

W. E. Evans for Respondent City of Glendale.

W. T. Casey and Wm. J. Hanlon for Respondent Donegan.

Albert J. Sherer and Clarence J. Walker for Pacific Rock & Gravel Co.

R. L. Horton for Respondent Tropico-Glendale Land Co.

Walton J. Wood and Leland J. Allen for Respondent Raisch & Allen.

WELLER, J.—This action of interpleader was instituted by the county treasurer of Los Angeles County to compel the defendants to litigate among themselves their claims to certain bonds held by him in his official capacity and representing the contract price of road work done by George L. Carroll, as contractor, under the provisions of the Road District Improvement Act of 1907. (Stats. 1907, p. 806.)

The controversy here arises between the Empire Securities Company (assignee of Carroll, the contractor) and various parties who furnished materials and labor in the performance of the contracts with the county, hereinafter designated as lien claimants. These lien claimants base their rights to payment from the funds in the custody of the county treasurer upon the fact that they served stop notices on the proper officers in accordance with the provisions of section 1184 of the Code of Civil Procedure, and thereby effected an equitable garnishment of such portion of the contract price as might be necessary to satisfy their demands. This contention was sustained by the superior court, and the Empire Securities Company appeals from the judgment ordering the bonds sold and the proceeds of such sale applied first to the liquidation of the amount found due the lien claimants, subordinating the claim of appellant to the payment of their demands.

No complaint is made as to the validity or regularity of any of the claims, and the sole question to be determined is, Which of the parties is entitled to priority?

[1] The facts in the case under consideration are identical in all material respects with those set forth in the decision of our supreme court in *Slayden* v. *O'Dea*, 182 Cal. 500, [189 Pac. 1066], in which it is held that section 1184 of the Code of Civil Procedure does not apply to contracts for the improvement of streets or highways, and that, therefore, a stop notice given pursuant to that section under such a contract does not have the effect of sequestering the funds in the hands of the person who is charged with

their disbursement, as would occur in the case of a contract between private parties or for the construction of a public building. The rule thus enunciated is applicable to the instant case, and it follows that the superior court erred in adjudging the rights of the lien claimants to be paramount to appellant's claim to the bonds held by the county treasurer.

Judgment reversed.

Finlayson, P. J., and Thomas, J., concurred.