[Civ. No. 2347. Third Appellate District.—August 24, 1921.]

W. H. McMORRY et al., Petitioners, v. SUPERIOR COURT OF SUTTER COUNTY, Respondent.

[1] Prohibition—Actions by Materialmen—Priority of Jurisdiction.—The sureties on a contractor's bond given to protect laborers and materialmen, as required by the statute (Stats. 1919, p. 487), under a contract with a county for the construction of certain highways, will not be granted a writ of prohibition to prevent the superior court of that county from entertaining jurisdiction in certain actions commenced by laborers and materialmen against that county, based on stop notices, on the theory that the same legal questions were involved in certain other actions which had been transferred to another county for trial, where such actions which had not been transferred were the first to be commenced, and, therefore, the superior court of the former county was the first to acquire jurisdiction of the subject matter.

[2] Id. — Priority — Burden of Proof. — In such a proceeding, the burden is upon the petitioners to show that the other actions were commenced prior to the commencement of the actions the trial of which is sought to be prevented.

[3] Id.—Transfer of Certain Cases—Jurisdiction to Try Others. A superior court of one county, by transferring certain cases to the superior court of another county, does not thereby divest itself of jurisdiction to try other cases between different parties which were begun before the complaints in said transferred actions were filed, although they involve the same legal questions.

[4] Id. — Insufficiency of Complaint — Jurisdiction. — The insufficiency of a complaint to state a cause of action does not deprive the court of jurisdiction to try the action.

PROCEEDING in Prohibition to prevent the Superior Court of Sutter County from trying certain actions. Writ denied.

The facts are stated in the opinion of the court.

Thomas B. Leeper and Robert H. Schwab for Petitioners.

Arthur Coats, A. H. Hewitt and Harry Deirup for Respondent.

BURNETT, J.—The petition shows that in 1920 one D. C. Howard entered into four separate contracts with the county of Sutter for the construction of four different highways in said county; that bonds were given by said contractor as required by the statute (Stats. 1919, p. 487), and that petitioners herein were the sureties on said undertaking; that said contractor failed to complete his contracts and failed to pay a large number of laborers and materialmen who furnished labor and material for said construction; that said laborers and materialmen thereafter filed their respective claims as provided by said act and brought suit therefor against said sureties in the superior court of the county of Sutter; that subsequently said actions were transferred to the superior court of the county of Sacramento for trial; that said laborers and materialmen also served upon the county of Sutter a "stop notice" or "withhold notice," as provided by section 1184 of the Code of Civil Procedure, for the same claims, and have commenced actions against said county to subject to the payment of their claims said reserve fund withheld by the county from the money due upon said contracts; that petitioners are not parties to said actions against said county but they are interested in how said money is paid out; that, if said actions against the county are prosecuted separately from the actions upon said bonds, then petitioners will be deprived of their right to preserve said fund for the payment of said claims for which petitioners are liable; that said actions against the sureties were commenced and transferred to Sacramento County prior to the commencement of the actions against the county; that "The Commercial Bank of Durham, a corporation, and The First National Bank of Yuba City, a corporation, have filed their separate complaints in intervention in said stop notice actions in which they allege they are the owners of the balance withheld by said county on said contracts by reason of an as-

signment thereof from said contractor, D. C. Howard; that if said banks were permitted in said actions to recover said money so withheld on said contracts these petitioners will be denied their rights to have said money applied upon the claims upon which they are being sued; . . . That if said actions on said claims and on said stop notices are heard and determined by one court, it will avoid a multiplicity of suits and will save all the parties to said action the labor and costs of prosecuting two actions for the same thing.''

The foregoing statement comprises all the material facts that appear in the petition, although there are many allegations of legal conclusions, which we deem unnecessary to set out.

[1] The theory of petitioners is that the vital question in all this litigation is as to the proper disposition or payment of said reserve fund, in other words, to whom it should be paid by the county and that two different courts of concurrent jurisdiction have before them in different actions for adjudication, this important controversy, and that in such situation the court first acquiring jurisdiction has the exclusive right to dispose of the whole matter. In support of their contention as to the law of the case they cite *State* v. *Tallman,* 29 Wash. 411, [69 Pac. 1115]; *Spiller* v. *Wells,* 96 Va. 598, [70 Am. St. Rep. 878, 32 S. E. 46]; *State* v. *McClure,* 17 N. M. 694, [Ann. Cas. 1915B, 1110, 47 L. R. A. (N. S.) 744, 133 Pac. 1063]; *Adams* v. *Tri-City,* 124 Va. 473, [98 S. E. 647]; *Ryan* v. *Donley,* 69 Neb. 623, [96 N. W. 234]; *State* v. *Davis* (Mo. App.), 190 S. W. 964; *Reugger* v. *De Breueys,* 146 La. 283, [83 South. 556]; *State* v. *Fredlock,* 52 W. Va. 232, [94 Am. St. Rep. 932, 43 S. E. 153]; *Sangamon* v. *Eminger,* 257 Ill. 281, [100 N. E. 906]; *Keefe* v. *Dist. Court,* 16 Wyo. 381, [94 Pac. 459].

We deem it unnecessary to comment upon these decisions. It may be admitted that the rule is as stated by petitioners and that prohibition may issue in such cases; but we may add that this remedy is allowed, not for the reason, as is generally true, that the other court has no jurisdiction, but the practice is based upon necessity and comity, and so it is held ''that when the object of the action requires the control and dominion of the property involved in the

litigation, that court which first acquires possession or that dominion which is equivalent draws to itself the exclusive right to dispose of it for the purposes of its jurisdiction." (*Heidritter* v. *Oilcloth Co.*, 112 U. S. 294, [28 L. Ed. 729, 5 Sup. Ct. Rep. 135, see, also, Rose's U. S. Notes].)

The application of this principle, however, to the situation herein results in the undoing of petitioners. This follows from the fact that the superior court of Sutter County was first in time as to the jurisdiction of the subject matter. It does not so appear by the petition, but in accordance with the allegations of respondent's answer and the agreement of counsel at the oral argument the facts are these: The action of Diamond Match Company against petitioners on the bond was begun in the superior court of Sutter County on November 29, 1920, and it is still pending therein, no application having been made for a transfer to Sacramento County; on the same day the said company brought an action against said county of Sutter on said stop notice and it is still pending therein; the action of the Standard Oil Company against the county of Sutter on said stop notice was commenced in the superior court of said county on December 16, 1920, and is still pending therein. These actions were all commenced before any of the actions that were transferred to the superior court of Sacramento County and, if it can be said that the latter actions involved the proper disposition of said reserve fund, with equal propriety can the same thing be affirmed of said action of Diamond Match Company against petitioners, and with still greater reason may it be said that the superior court of Sutter County acquired dominion over said fund by reason of said actions against the county

[2] Again, in reference to the actions on the bond which were transferred we may notice this: *Butcher* v. *McMorry and Kaster* was commenced on February 8, 1921, but on the same day the same plaintiff brought an action against the county on said stop notice. It does not appear which action was filed first, but, of course, the burden is upon petitioners, and we must therefore conclude that the stop notice action is entitled to precedence. The same thing may be said of the two actions filed by Murphy on January 5, 1921.

[3]   Moreover, the superior court of Sacramento County did not acquire jurisdiction to try any of these actions until the order of transfer was made, which was subsequent to the filing of all the complaints in Sutter County. But conceding that, for the purposes of this case, its jurisdiction would relate back to the time when said actions were begun, it is manifest that by said order of transfer the superior court of Sutter County did not divest itself of jurisdiction to try the other cases between different parties which had been begun before the complaints in said transferred actions were filed. After the transfer the superior court of Sacramento County could have no greater jurisdiction than if the actions had been originally brought in said court, but if so brought, under the rule already stated they would be subject to said prior actions commenced in Sutter county.

Petitioners claim that the so-called "stop notice" actions should not be allowed to weigh in the proceeding, for the reason that, under the decisions of the appellate courts of the state, the laborers and materialmen have no interest in said reserve fund and therefore their complaints against the county fail to state a cause of action. (*Adamson* v. *Paonessa,* 180 Cal. 157, [179 Pac. 880]; *Hunt* v. *Continental Nat. Bank,* 45 Cal. App. 578, [188 Pac. 300]; *Slayden* v. *O'Dea,* 182 Cal. 500, [189 Pac. 1066]; *Hunt* v. *Empire Security Co.* (Cal. App.), 194 Pac. 744.)   In these cases it is held that "section 1184 of the Code of Civil Procedure does not apply to contracts for the improvements of streets or highways and that therefore a stop notice given pursuant to that section, under such a contract, does not have the effect of sequestering the funds in the hands of the person who is charged with their disbursement," and that the rights of the assignee of the contractor in and to said fund, where the assignment precedes the contracts for labor and material, are superior to any claim of the laborer or materialman.

[4]   As to this contention, however, it may be observed that the insufficiency of the complaint as to its allegations does not deprive the court of jurisdiction to try the action.

Besides, if such ground be tenable, it must operate to defeat this proceeding by petitioners. This is true for the reason that the pleadings herein show that they also

have no interest in said funds. They are claiming by right of subrogation, but no such right exists, as they have not paid any of the claims of the laborers or materialmen. But if they had paid any such claims they would be subrogated only to such right as existed in favor of such claimant, which, under the said decisions, does not embrace any of said fund in face of the prior assignment of the contractor. Not having made such payment, the sureties could have no greater claim to said fund than the principal, who was the contractor, but he, as we have seen, has no interest in said fund, having assigned it to interveners.

From the foregoing it is apparent that the sureties need not concern themselves about the trial of the actions against the county of Sutter as to the application of said fund. As said fund cannot be used to reduce their liability on their bond, they are not interested in said actions, and the question of superior jurisdiction is really of no practical importance to petitioners. Their position is based upon an erroneous construction of section 1184 of the Code of Civil Procedure and of said statute of 1919 under which the bonds were executed. Under the decisions in this state, as we have seen, said section of the code does not afford any relief to laborers and materialmen in a case like this where the work is done upon a public highway. It may also be said that under said statute of 1919 the bond "must provide that if the contractor, person, company, or corporation, or his or its subcontractor, fails to pay for any materials, provisions, provender or other supplies· or teams used in, upon, for or about the performance of the work contracted to be done, or for any work or labor done thereon of any kind, that the surety or sureties will pay the same in an amount not exceeding the sum specified in the bond, and also in case suit is brought upon such bond, a reasonable attorney's fee to be fixed by the court." It is quite apparent that this bond is entirely for the benefit of the laborers and materialmen, and they must depend for their compensation upon the personal responsibility of the contractor and sureties.

As to the sureties, the bond does not obligate them to complete the work, nor does it make them responsible for the fulfillment of the obligations of the contractor to the state or the county. It follows that, as sureties, they are

not authorized to complete an abandoned contract nor can they claim any interest in the fund which is reserved primarily for the purpose of securing the completion of said contract and saving the county or state from loss. Under such circumstances, there would be also, of course, no reason for the principle of estoppel to operate in favor of said sureties as against one to whom the contractor has assigned his claim for value. It may be added that we are not here concerned with any claim that the county may urge to any portion of said fund by reason of having to complete the work.

The well-considered cases from Oregon, *Derby* v. *United States Fidelity & Guaranty Co.*, 87 Or. 34, [169 Pac. 500], and *Wasco County* v. *New England Equitable Ins. Co.*, 88 Or. 465, [Ann. Cas. 1918E, 656, L. R. A. 1918D, 732, 172 Pac. 126], are so essentially different from this as not to impair the confidence we feel in the conclusion which we have reached.

The order to show cause is discharged and the writ is denied.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 23, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 20, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the third appellate district is denied solely on the ground that there is no sufficient showing that the superior court of Sutter County is proceeding in excess of its lawful jurisdiction.

All the Justices concurred, except Shaw, J., who was absent.